Richard S. Lane, J.
This motion for summary judgment raises the issue of whether an arbitrator and the American Arbitration Association can be reached in damag'es resulting from improper conduct. At least with respect to the latter it is a novel question.
Plaintiffs were parties to an arbitration being conducted under the rules of the association. At the outset of the hearings plaintiffs requested defendant Stanley Turlrisher, who was chairman of the three-man panel of arbitrators, to disqualify himself. It appears that the law firm representing plaintiffs’ adversaries in the arbitration had also on many occasions represented Mr. Turlrisher’s employer. There is some dispute in the papers as to how much of this was known to Mr. Turlrisher or to the association at the time, but for the purposes of this motion, it will be assumed that they both were aware of the whole picture. In any event, Mr. Turlrisher refused the request and the association refused to intervene to alter his decision. Thereafter plaintiffs moved pursuant to OPLR 7511 to vacate the unanimous arbitration award against them and were successful. The decision of the Supreme Court was premised on the ground that “ a reasonable man might doubt that the arbitrators’ award was rendered fairly and impartially ”, This action by plaintiffs followed to recover legal fees incurred by them during the vacated proceedings.
*377 Mr. Turkisher and the association are now moving pursuant to CPLR 3212 for summary judgment on the ground that the cause of action has no merit. Perhaps it would have been more appropriate to move under CPLR 3211, but the difference is of no moment.
With respect to Mr. Turkisher, the motion is granted. Judges are clearly immune from civil liability for acts done in the exercise of1 judicial functions (32 N. Y. Jur., Judges, § 38). Arbitrators while not eo nomine judges exercise judicial functions and are likewise protected (Babylon Milk and Cream Co. v. Horvitz, 151 N. Y. S. 2d 221, affd. 4 A D 2d 777). Plaintiffs' attempt to distinguish the Babylon case on the ground that they .are seeking special as opposed to general damages, but this is a distinction without a difference.
The matter is not so clear as to the association. While there appear to be no New York decisions on the point it would seem safe to hold that the association cannot be held liable for Mr. Turkisher’s actions (Melady v. South St. Paul Live Stock Exch., 142. Minn. 194). But what of its own actions through its vice-president, Mr. Michael Hoellering, in refusing to intervene despite knowledge of all of the facts! Mr. Hoellering, according to plaintiffs took refuge behind the failure of the association to have rules governing the problem (a situation which apparently has since been remedied). In any event bodies such as the association are recognized by the law (CPLR 7508, subd. [c]). They perform with respect to arbitrators functions similar to those performed by the Judicial Conference, the Administrative Boards and the Appellate Division with respect to Judges. They are in effect quasi-judicial organizations; and an expanding umbrella of immunity is being extended over them (see Kronstein, Arbitration Is Power, 38 N. Y. U. L. Rev. 661).
Accordingly the motion is likewise granted as to the association.