[No. B025866. Second Dist., Div. One. Apr. 29, 1988.]

JACK FROST, Plaintiff and Appellant, v.
BRUCE GEERNAERT et al., Defendants and Respondents.

**COUNSEL**

Jack Frost, in pro. per., for Plaintiff and Appellant.

DeWitt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Defendants and Respondents.

**OPINION**

**SPENCER, P. J.—**

### INTRODUCTION

Plaintiff Jack Frost appeals from an order of dismissal in favor of defendants Bruce Geernaert, Irving Shimer, John L. Cole, Phillip Saeta, Norman Dowds, Leon Savitch and Ricardo Torres, judges of the Los Angeles County Superior Court.[1]

### STATEMENT OF FACTS

Plaintiff filed a complaint for damages for fraud, conspiracy, and intentional infliction of severe mental anguish, and for an injunction, against Santa Monica Bank, Ticor Title Insurance Co., certain individuals,[2] and

---

[1] The order of dismissal is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a). (*D'Hondt* v. *Regents of University of California* (1984) 153 Cal.App.3d 723, 726, fn. 2 [200 Cal.Rptr. 628].)

[2] The foregoing are not parties to this appeal.

defendants and respondents here, seven Los Angeles County Superior Court judges (hereinafter defendants). He alleged defendants were guilty of fraud, conspiracy and intentional infliction of severe mental anguish in ruling against him on matters pertaining to other actions involving him.

Defendants demurred on the ground they had absolute immunity for their actions. The demurrers were sustained without leave to amend and the action was dismissed as to defendants.

Plaintiff moved for reconsideration of the ruling; the motion was denied. He then moved for a new trial; that motion also was denied.

## CONTENTION

Plaintiff contends the trial court erred in sustaining defendants' demurrer without leave to amend and dismissing his action against them. For the reasons set forth below, we disagree.

## DISCUSSION

■ A demurrer should not be sustained without leave to amend if the complaint, liberally construed, can state a cause of action under any theory or if there is a reasonable possibility the defect in the complaint can be cured by amendment. (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 118 [113 Cal.Rptr. 102, 520 P.2d 726]; *Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817]; *Kite* v. *Campbell* (1983) 142 Cal.App.3d 793, 804 [191 Cal.Rptr. 363].) The demurrer should be sustained and leave to amend denied only "where the facts are not in dispute, and the nature of the plaintiff's claim is clear, but, under the substantive law, no liability exists. Obviously no amendment would change the result." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 945, p. 379.)

■ It is well established judges are granted immunity from civil suit in the exercise of their judicial functions. (*Tagliavia* v. *County of Los Angeles* (1980) 112 Cal.App.3d 759, 761 [169 Cal.Rptr. 467]; *Oppenheimer* v. *Ashburn* (1959) 173 Cal.App.2d 624, 629 [343 P.2d 931].) This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly. (*Tagliavia, supra,* at p. 761; accord, *Turpen* v. *Booth* (1880) 56 Cal. 65, 68.) The rule is based on " 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequence to himself.' " (*Tagliavia, supra,* 112 Cal.App.3d at p. 762, quoting from *Bradley* v. *Fisher* (1871) 80 U.S. (13 Wall.) 335, 347 [20 L.Ed. 646, 649].) Judicial immunity

is a principle of common law which is necessary for the welfare of the state and the peace and happiness of society. (*Tagliavia, supra,* at pp. 762-763; *Singer* v. *Bogen* (1957) 147 Cal.App.2d 515, 523-524 [305 P.2d 893].)

■ Plaintiff contends this rule has been statutorily abrogated by Government Code section 822.2. That section provides "[a] public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice." The term "employee" is defined in Government Code section 810.2 to include a "judicial officer," which includes a superior court judge (Elec. Code, § 28). The question is therefore whether Government Code section 822.2 has abrogated the common law regarding judicial immunity.

■ In general, where statute and common law conflict, the statute will govern as the latest expression of the law. (2A Sutherland, Statutory Construction (4th ed. 1984) § 50.01, p. 421.) However, statutes should not be interpreted to alter the common law unless it is expressly provided they should do so; there is a presumption a statute does not, by implication, repeal the common law. (*People* v. *Zikorus* (1983) 150 Cal.App.3d 324, 330 [197 Cal.Rptr. 509].)

■ In interpreting a statute, a fundamental rule is that the court must " 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.] In determining the intent, the court 'turns first to the words themselves for the answer.' [Citation.] [¶] The words must be read in context, ' "keeping in mind the nature and obvious purpose of the statute where they appear." ' [Citation.] In ascertaining the legislative intent, courts should consider not only the words used, but 'the object in view, the evils to be remedied, the legislative history [and] public policy . . . .' [Citation.]" (*People* v. *Aston* (1985) 39 Cal.3d 481, 489 [216 Cal.Rptr. 771, 703 P.2d 111].) Inasmuch as the fundamental principle of statutory interpretation is the effectuation through the statute of legislative intent, the court must give effect to that intent "even when such an interpretation appears to be at odds with . . . the literal construction of the statutory language. [Citations.]" (*Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367, 372 [211 Cal.Rptr. 748, 696 P.2d 141].)

■ Up through 1977, Government Code section 810.2—and therefore Government Code section 822.2—did not include judicial officers as public employees. Judicial officers were added to section 810.2 by Statutes 1977, chapter 745, section 1, page 2333, which also added section 27648 (*id.,* at § 2, p. 2334) to the Government Code. Section 27648 provides: "If, because of a declared conflict of interest, any judge, who is otherwise entitled to

representation pursuant to Section 825, 995, or 27647, is required to retain his own counsel, such judge is entitled to recover from the appropriate public entity such reasonable attorney's fees, costs, and expenses as were necessarily incurred thereby."

The Legislative Counsel's Digest of Senate Bill No. 1109 reveals the Legislature's purpose in amending section 810.2 and adding section 27648: "Existing law does not specifically include judicial officers within the meaning of the term 'employee' for purposes of claims and actions brought against public entities and public employees. [¶] This bill would specifically include judges of courts of record and justice courts, within the meaning of the term 'employee' for such purposes. [¶] Existing law provides that if a public entity refuses or fails to provide an employee with a defense against a civil action arising out of an act or omission in the scope of employment and the employee retains counsel to defend against such action, the employee is entitled to recover reasonable attorney's fees, costs, and expenses from the public entity. Existing law also provides that superior, municipal, and justice court judges may be represented in proceedings involving their judicial duties by the county counsel if such representation does not conflict or interfere with the county counsel's other duties. [¶] This bill would specifically provide that any judge who is required to retain counsel because of a declared conflict of interest is entitled to recover attorney's fees, costs, and expenses from the public entity if the judge was otherwise entitled to representation." (3 Stats. 1977 (Reg. Sess.) Summary Dig., p. 184.)

There is no indication the Legislature intended to expand judicial liability through section 822.2 by modifying section 810.2. Moreover, the Legislature's purpose in enacting the Tort Claims Act (Gov. Code, § 810 et seq.), of which section 822.2 is a part, was not to expand the liability of governmental entities and employees but to confine it to rigidly delineated circumstances. (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 838 [129 Cal.Rptr. 453, 548 P.2d 1125].)

Literal construction of the statutory language in Government Code sections 810.2 and 822.2 would lead to alteration of the common law doctrine of judicial immunity. "Nothing in the language or history of the statute[s] would suggest that the Legislature intended to achieve so significant a result by indirection. If that were the intention, it would far more likely have been accomplished by directly addressing the issue rather than inferentially as is claimed here." (*People* v. *Riffey* (1985) 171 Cal.App.3d 419, 424 [217 Cal.Rptr. 319] [construing Pen. Code, § 288a].) We must conclude section 822.2 has not abrogated the common law granting judicial immunity for acts done in the exercise of the judicial function. (*Pollack* v. *Department of Motor Vehicles, supra,* 38 Cal.3d at p. 372.) Therefore, the trial court did not

err in granting defendants' demurrer without leave to amend and dismissing the action against them; under the substantive law, no liability exists. (5 Witkin, *op. cit. supra,* § 945, p. 379.)

The order is affirmed.

Hanson, J., and Lucas, J., concurred.

A petition for a rehearing was denied May 18, 1988, and appellant's petition for review by the Supreme Court was denied July 20, 1988.