OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | | |
|---|---|---|
| OPINION | : | No. 89-201 |
| of | : | |
| | : | JUNE 29, 1989 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE L. B. ELAM, COUNTY COUNSEL, SACRAMENTO COUNTY, has requested an opinion on the following question:

Is a person appointed as a referee to hear and determine discovery motions and paid by the parties statutorily entitled to defense and indemnification by the county against claims or actions seeking monetary damages in connection with the performance of his or her duties as a referee?

CONCLUSION

A person appointed as a referee to hear and determine discovery motions and paid by the parties is not statutorily entitled to defense and indemnification by the county against claims or actions seeking monetary damages in connection with the performance of his or her duties as a referee.

ANALYSIS

Code of Civil Procedure section 639 states:

"When the parties do not consent, the court may, upon the application of any party, or of its own motion, direct a reference in the following cases:

" . . . . . . . . . . . . . . . . . . . . .

"(e) When the court in any pending action determines in its discretion that it is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon."

Besides the duty to resolve discovery disputes, referees may be appointed to perform a variety of functions for a court. (Code Civ. Proc., §§ 638-639.) Depending on the circumstances, a court

1.                                                                                                            89-201

commissioner, a retired judge, an attorney, or some other person who resides in the county and has the qualifications prescribed by statute for being a juror may be chosen by a court to act as a referee. (Code Civ. Proc., §§ 640-641.)

With respect to the payment of a referee's fee, Code of Civil Procedure section 645.1 provides:

"The court may order the parties to pay the fees of referees who are not employees or officers of the court at the time of appointment, as fixed pursuant to Section 1023, in any manner determined by the court to be fair and reasonable, including an apportionment of the fees among the parties."

Code of Civil Procedure section 1023 authorizes the court to fix the fee of a referee at a "reasonable sum . . . for the time spent in the business of the reference."

The question presented for resolution concerns a person appointed as a discovery motion referee under the terms of Code of Civil Procedure section 639, subdivision (e). The appointment is made without the consent of the parties, the person is not a court commissioner or other employee or officer of the court at the time of the appointment, and the parties are ordered to pay the referee's fee as fixed by the court. Thereafter one of the parties sues the referee, alleging that the referee has improperly performed his or her duties. Under these circumstances, is the referee entitled by statute to defense and indemnification by the county regarding the lawsuit brought by the party? We conclude that the county would not be statutorily required to defend and indemnify the referee.

Government Code section 995[1] states in part:

"Except as otherwise provided in Sections 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity."[2]

For purposes of the question presented, we assume that the referee has requested the county to defend the action brought against him or her and that no specific contractual agreement exists between the referee and the county providing for such defense.[3]

---

1. All references hereafter to the Government Code are by section number only.

2. Section 995.2 specifies conditions under which a public entity may refuse to defend, and section 995.4 sets forth conditions under which the defense is permitted but not required. Neither statute is the subject of the request for our opinion.

3. Section 996.6 states:

"The rights of an employee or former employee under this part are in addition to and not in lieu of any rights he may have under any contract or under any other enactment providing for his defense."

2.          89-201

Similar to section 995, section 825 requires a public entity, with certain exceptions, to indemnify an employee against claims or actions filed against the employee. Subdivision (a) of section 825 provides:

"If an employee or former employee of a public entity requests the public entity to defend him against any claim or action against him for an injury arising out of an act or omission occurring within the scope of his employment as an employee of the public entity and such request is made in writing not less than 10 days before the day of trial, and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed."

For purposes of the question presented, we assume that the referee has properly requested the defense of the claim and will cooperate in good faith in the defense.

The issue to be resolved is whether a discovery motion referee under the described circumstances is an "employee" of the county[4] for purposes of sections 825 and 995 so as to be entitled to the county's defense and indemnification of the lawsuit filed by the party.

Sections 825 and 995 are part of a comprehensive statutory scheme known as the California Tort Claims Act (§§ 810-996.6). With respect to this legislation, the term "employee" is defined in section 810.2 as follows:

"`Employee' includes an officer, judicial officer as defined in Section 28 of the Elections Code, employee, or servant, whether or not compensated, but does not include an independent contractor."

Section 810.2 is the key statute requiring our interpretation. When the statute was enacted in 1963 (Stats. 1963, ch. 1681, § 1), the legislative committee comment stated in part:

"`Employee' was originally defined (in the bill as introduced) to include `an officer, agent or employee,' but not an `independent contractor.' By amendment, the word `servant' was substituted for `agent' because (1) `servant' was considered more appropriate than `agent' when used in a statute relating to tort liability and (2) the public entities feared that to impose liability upon public entities for the torts of `agents' would expand vicarious liability to include a large indefinite class of persons and `servant' was believed to be more restrictive than `agent.' The words `whether or not compensated' are taken from a somewhat similar definition of `employee' found in the Federal Tort Claims Act (28 U.S.C. § 2671).

"Independent contractors are excluded from the definition of `employee' so that the problems of liability, insurance, defense and claims arising out of acts and

_____

4. If the referee is an "employee" for purposes of sections 825 and 995, the appropriate "public entity" is the county. (See *Villanazul* v. *City of Los Angeles* (1951) 37 Cal.2d 718, 721-725; *Martin* v. *County of Contra Costa* (1970) 8 Cal.App.3d 856, 860; 68 Ops.Cal.Atty.Gen. 127, 131-133 (1985); 67 Ops.Cal.Atty.Gen. 519, 522 (1984); 63 Ops.Cal.Atty.Gen. 512, 518, fn. 6 (1980).)

omissions of independent contractors may be met by different statutory provisions than those applicable to public employees."[5/]

In 1977, section 810.2 was amended (Stats. 1977, ch. 745, § 1) to add the phrase "judicial officer as defined in Section 28 of the Elections Code."  The later statute provides:

"`Judicial officer' means any Justice of the Supreme Court, justice of a court of appeal, judge of the superior court, judge of a municipal court, or judge of a justice court."

With this statutory background in mind, we note that a discovery motion referee is not a judge, even a temporary one, while performing his or her duties.  The duties are judicial in character (the hearing and deciding of preliminary matters), but they are "subordinate judicial duties" performed by the referee as a "subordinate judicial officer." (See Cal. Const., art. VI, § 22; *In re Kathy P.* (1979) 25 Cal.3d 91, 96-99; *In re Edgar M.* (1975)) 14 Cal.3d 727, 732-734; *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351, 361-367; *Four Embarcadero Center Venture* v. *Mr. Greenjeans Gallaria Corp.* (1988) 203 Cal.App.3d 860, 869; *Park Plaza, Ltd.* v. *Pietz* (1987) 193 Cal.App.3d 1414, 1419.)  A discovery motion referee is thus a judicial officer but not the kind specified in Elections Code section 28.

We first consider whether judicial officers, including discovery motion referees, were excluded from the definition of employee in section 810.2 prior to its amendment in 1977.  In *Frost* v. *Geernaert* (1988) 200 Cal.App.3d 1104, 1108, the court stated:

"Up through 1977, Government Code section 810.2 . . . did not include judicial officers as public employees.  Judicial officers were added to section 810.2 by Statutes 1977, chapter 745, section 1, page 2333. . . ."

*Frost* appears to say that no judicial officers (including referees who are subordinate judicial officers) came within the definition of "employee" in section 810.2 prior to its amendment in 1977.

The Legislature may have intended to initially exclude judicial officers from the scope of the California Tort Claims Act because of the unique employment status of judicial officers (see *Villanazul* v. *City of Los Angeles*, *supra*, 37 Cal.2d 718, 721-725; *Martin* v. *County of Contra Costa*, *supra*, 8 Cal.App.3d 856, 860; 68 Ops.Cal.Atty.Gen. 127, 130-133 (1985)), or because judicial officers were already protected by the judicial immunity doctrine (see *Frost* v. *Geernaert*, *supra*, 200 Cal.App.3d 1104, 1107-1109; *Tagliavia* v. *County of Los Angeles* (1980) 112 Cal.App.3d 759, 761-763; *Taylor* v. *Mitzel* (1978) 82 Cal.App.3d 665, 670-671), or because of some other policy reason.

In any event, support for the *Frost* statement may be found in the legislative history of the 1977 amendment of section 810.2.  Numerous references in the committee reports and bill analyses suggest that the addition of "judicial officers" to the statutory language was "to entitle judges to a defense or to costs associated with defending a civil action arising out of their employment."  Also contained several times in the committee reports is the statement:

---

5.  "A servant is one 'who performs continuous service for another and who, as to his physical movements, is subject to the control or to the right to control of the other as to the manner of performing the service.'  (Rest.2d Agency § 220, com. on subd.(1)(a), p. 486.)"  (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 728, fn. 8; see also *Townsend* v. *State of California* (1987) 191 Cal.App.3d 1530, 1535.)

"Supporters of this bill state that an ever increasing number of judges are being sued on groundless charges. At issue is who should provide the cost of defending these law suits."[6/]

These statements indicate that the 1977 amendment was intended to provide coverage for judges, since they were not already within the statutory scheme. If judicial officers were already within the scope of section 810.2, the 1977 amendment would have been unnecessary. A general principle of statutory construction is "that an amendment is made with intent to change the law." (*Anne B.* v. *State Bd. of Control* (1984) 165 Cal.App.3d 279, 285; see *Forde* v. *Cory* (1977) 66 Cal.App.3d 434, 438; *Nationwide Investment Corp.* v. *California Funeral Service, Inc.* (1974) 40 Cal.App.3d 494, 501.) Consequently, based upon *Frost* and the legislative history, we believe that at the time of its enactment in 1963, section 810.2 did not cover "officers" who were "judicial officers." This gives meaning to the 1977 amendment.

We next consider the effect of the 1977 amendment upon subordinate judicial officers. Did the Legislature purposely intend to cover under the California Tort Claims Act only those judicial officers who were so "defined in Section 28 of the Elections Code" as specified in the amendment?

It is a cardinal rule of statutory construction "that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided." (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1010; accord, *Schmidt* v. *Superior Court* (1987) 43 Cal.3d 1060, 1067.) "The Legislature has power to prescribe legal definitions of its own language, and when an act passed by the Legislature embodies a definition it is binding on the courts." (*In re Marriage of Stephens* (1984) 156 Cal.App.3d 909, 913.) "When the language is clear and unambiguous, there is no need for construction." (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008; see *People* v. *Overstreet* (1986) 42 Cal.3d 891, 895.)

We note in this regard that the Legislature could have easily included subordinate judicial officers in its 1977 amendment of section 810.2. For example, Code of Civil Procedure section 170.5, subdivision (a) defines "judge" for purposes of that statute as "judges of the justice, municipal, and superior courts, and court commissioners and referees." Yet the Legislature chose instead the words "judicial officer as defined in Section 28 of the Elections Code" when it amended section 810.2.

Application of the various relevant principles leads to a single conclusion. Subordinate judicial officers are judicial officers who are not mentioned in Elections Code section 28. They therefore do not meet the test for inclusion in the section 810.2 definition of employee.

Our conclusion that these particular subordinate judicial officers are not employees, officers, or judicial officers for purposes of section 810.2 is consistent with the language of Code of Civil Procedure section 645.1. As previously quoted, the latter statute allows the court to "order the parties to pay the fees of referees" but only for those "referees who are not employees or officers of the court at the time of appointment."

_____

6. "[I]t is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]" (*Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 565, fn. 7.)

In *Park Plaza, Ltd.* v. *Pietz, supra*, 193 Cal.App.3d 1414, 1419, the court declared:

"Section 639, subdivision (e), of the Code of Civil Procedure authorizes the court to direct a reference where necessary `to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon.' Section 645.1 of the same code authorizes the court to order the parties to pay the fees of referees <u>who are not employees or officers of the court</u>, as such fees are fixed pursuant to section 1023. That section provides: `The fees of referees are such reasonable sum as the court may fix . . . ; but the parties may agree, in writing, upon any other rate of compensation, and thereupon such rates shall be allowed.'

"We construe such a court appointed referee to be a subordinate judicial officer, performing services for the court, and receiving compensation fixed by the court. In no sense is he an employee or an independent contractor of the parties involved or of their attorneys." (Emphasis added.)

The court thus concludes that a discovery motion referee paid by the parties is (1) "a subordinate judicial officer" (2) "performing services for the court," (3) but "[i]n no sense is he an employee or an independent contractor of the parties involved or of their attorneys," and (4) is "not [an] employee[] or officer[] of the court." Code of Civil Procedure section 645.1 fully supports our interpretation of section 810.2 with respect to the referees in question.

Moreover, section 810.2 contains an express exclusion for "independent contractors." The distinction between an "employee" on the one hand and an "independent contractor" on the other has been addressed by the courts on numerous occasions and for a variety of purposes. An independent contractor is generally considered to be a "person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." (Lab. Code, § 3353; *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1981) 123 Cal.App.3d 211, 217.)

Whether a particular person is an employee or an independent contractor rests upon the individual circumstances (*Truesdale* v. *Workers' Comp. Appeals Bd.* (1987) 190 Cal.App.3d 608, 613; *Capitol Records, Inc.* v. *State Bd. of Equalization* (1984) 158 Cal.App.3d 582, 592; *Mission Insurance Co.* v. *Workers' Comp. Appeals Bd., supra*, 123 Cal.App.3d 211, 219), although "in public law cases uniformity of decision is important, and where essential facts are not in conflict the question of the legal relations arising therefrom is a question of law" (*Sudduth* v. *California Emp. Stab. Com.* (1955) 130 Cal.App.2d 304, 311; see *Isenberg* v. *California Emp. Stab. Com.* (1947) 30 Cal.2d 34, 41; *Bemis* v. *People* (1952) 109 Cal.App.2d 253, 264).

Often a particular position has some characteristics of an employment relationship and other characteristics of an independent contractor relationship. In such circumstances the court weighs the various relevant factors and concludes that the person is either one or the other. (See *Tieberg* v. *Employment Ins. App. Bd.* (1970) 2 Cal.3d 943, 949-954; *Empire Star Mines Co.* v. *Cal. Emp. Com.* (1946) 28 Cal.2d 33, 43, disapproved on another point in *People* v. *Sims* (1982) 32 Cal.3d 468, 479, fn. 8; *Truesdale* v. *Workers' Comp. Appeals Bd., supra*, 190 Cal.App.3d 608, 613-617; *Capitol Records, Inc.* v. *State Bd. of Equalization, supra*, 158 Cal.App.3d 582, 592.)

We have examined the criteria for establishing an independent contractor relationship and find that they support such a characterization for discovery motion referees paid by the parties. This is consistent with the implied description contained in Code of Civil Procedure section 645.1

for these referees as well as the implied finding in *Park Plaza*. A discovery motion referee is a "specialist" exercising independent authority without the supervision of the court when ruling upon discovery matters presented to him or her. The payment of fees by the parties rather than the court is also a significant factor in establishing an independent contractor relationship.

The judicial immunity doctrine would protect the referee (and the county) from having to pay any claims or actions seeking monetary damages in connection with the performance of his or her duties as a referee. (See *Frost* v. *Geernaert* (1988) 200 Cal.App.3d 1104, 1107-1109; *Tagliavia* v. *County of Los Angeles* (1980) 112 Cal.App.3d 759, 761-763; *Taylor* v. *Mitzel* (1978) 82 Cal.App.3d 665, 670-671; 68 Ops.Cal.Atty.Gen. 127, 128-130 (1985); 66 Ops.Cal.Atty.Gen. 69, 71 (1983).) The remaining possible expense would be for payment of the defense of the claim or action. The referee may obtain insurance to handle his or her defense of any claim. Undoubtedly a court could justifiably consider the insurance expense to be an appropriate cost of the reference, includable in the referee's fee established under Code of Civil Procedure sections 645.1 and 1023. (See *MacMorris Sales Corp.* v. *Kozak* (1967) 249 Cal.App.2d 998, 1001-1005 [the fees of an attorney retained by a court appointed receiver to defend him against charges of mismanagement of an estate "can only be regarded as necessary expense incurred in the course of his official duties, for which he is entitled to reimbursement out of the estate"]; Levine, *Calculating Fees of Special Masters* (1985) 37 Hastings L.J. 141, 194-195.) Hence, the court, county, and referee should not be burdened for the expense of the claim or of the defense even though the referee is found to be an independent contractor under the exclusion language of section 810.2.

One situation that we have found to be somewhat similar to the appointment of discovery motion referees is the appointment of special masters under the provisions of Penal Code section 1524. These masters supervise searches for evidence in the possession of certain professionals (lawyers, physicians, psychotherapists, and members of the clergy) that might otherwise be subject to claims of confidentiality. The masters are expressly deemed by the Legislature to be "employees" for purposes of the California Tort Claims Act. Subdivision (d) of the statute states in part:

> "A special master shall be considered a public employee, and the governmental entity which caused the search warrant to be issued shall be considered the employer of the special master and the applicable public entity, for purposes of Division 3.6 (commencing with Section 810) of Title 1 of the Government Code, relating to claims and actions against public entities and public employees."

Such special inclusion by the Legislature may be contrasted with the lack of express inclusion for the referees in question. (See *Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 507 ["`"Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed"'"].)

We know of no other statutes that would impose a duty upon a county to defend and indemnify a discovery motion referee who is paid by the parties against claims or actions alleging the improper performance of the referee's duties. Sections 825 and 995 are specific statutes whose requirements would control over any other conflicting general statutory language. (See *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 ["when a special and a general statute are in conflict, the former controls"].) In any event, the general statutes to which we have been referred would not be applicable here, since a discovery motion referee paid by the parties is not a judge or an officer of the county. (See §§ 26524 [the district attorney shall represent a court or judge if named as a party defendant in an official capacity in any action], 26529 [the county counsel shall defend all civil actions in which the county or any of its officers is concerned or is a

party in his or her official capacity], 27647 [the county counsel may represent a court or judge in civil actions with respect to the court's or judge's official capacity].)

In answer to the question presented, therefore, we conclude that a person appointed as a referee to hear and determine discovery motions and paid by the parties is not statutorily entitled to defense and indemnification against claims or actions seeking monetary damages in connection with the performance of his or her duties as a referee.

* * * * *