[No. C004347. Third Dist. July 28, 1989.]

RICHARD S. OLNEY, Plaintiff and Appellant, v.

SACRAMENTO COUNTY BAR ASSOCIATION et al., Defendants and Respondents.

COUNSEL

Richard S. Olney, in pro. per., for Plaintiff and Appellant.

Hansen, Boyd, Culhane & Mounier, Kevin R. Culhane and James J. Banks for Defendants and Respondents.

OPINION

SIMS, J.—Plaintiff's action for fraud was dismissed after the trial court sustained without leave to amend the demurrer of defendants Sacramento County Bar Association (Association) and David Karabinus. Defendants demurred on the basis they were immune from suit under Business and Professions Code section 6200, subdivision (e), as their alleged liability arose from defendants' having conducted a fee dispute arbitration between plaintiff and his former attorney. (Statutory references are to the Business and Professions Code unless otherwise indicated.) We agree with the trial court that defendants are immune and therefore affirm the judgment of dismissal.

## FACTS

As this appeal is from the sustaining of a demurrer, we accept the allegations of the complaint as true. (*Blatty* v. *New York Times Co.* (1986) 42

Cal.3d 1033, 1040-1041 [232 Cal.Rptr. 542, 728 P.2d 1177], cert. den., 485 U.S. 934 [99 L.Ed.2d 268, 108 S.Ct. 1107].) The complaint alleges:

Pursuant to section 6200 et seq., plaintiff demanded that his former attorney participate in arbitration and requested that the Association conduct the arbitration.[1] The Association appointed defendant Karabinus as arbitrator.

Karabinus conducted the arbitration and found against plaintiff. Plaintiff rejected the arbitration findings and brought a legal action against his former attorney. Subsequently, plaintiff concluded two statements in Karabinus's arbitration findings were fraudulent. These statements were: (1) "This arbitration has no jurisdiction to deal with the issue as to whether the quality of legal work performed fell below the standard of care required in the profession. That is a question which Mr. Olney may decide to pursue in the appropriate forum"; and (2) "The attorney was to charge against the minimum retainer fee on an hourly basis. . . ."

Plaintiff would have sought another arbitration rather than suing his former attorney but for Karabinus's allegedly fraudulent statements.

The Association published "out-of-date" rules of procedure and was Karabinus's employer.

### DISCUSSION

■ Defendants' demurrer was based on the immunity afforded to arbitrators and their sponsoring organizations by section 6200, subdivision (e) which provides in relevant part: "In any arbitration conducted pursuant to this article by the State Bar or by a local bar association, pursuant to rules of procedure approved by the board of governors, the arbitrator . . . as well as the arbitrating association and its directors, officers, and employees, shall have the same immunity which attaches in judicial proceedings."

Plaintiff's complaint admits the arbitration was conducted under the authority of section 6200. The question is whether defendants are entitled to

---

[1] Section 6200 provides, in relevant part: "(a) The board of governors shall, by rule, establish, maintain, and administer a system and procedure for the arbitration of disputes concerning fees charged for professional services by members of the State Bar . . . . [¶] (c) Arbitration under this article shall be voluntary for a client and shall be mandatory for an attorney if commenced by a client."

the immunity available under subdivision (e) of the statute. That subdivision says defendants are entitled to "the *same* immunity which attaches in judicial proceedings." (Italics added.) The statute cannot be read literally, because neither attorney-fee arbitrators nor sponsoring bar associations regularly participate in *judicial* proceedings; they are not commonly afforded immunities in those proceedings. Therefore, the statute requires that we determine the scope of its immunity by drawing analogies to immunities afforded ordinary participants in judicial proceedings. The most obvious analogy is that premised on the similarities in functions of arbitrators and judges. We shall therefore examine the scope of arbitrator Karabinus's immunity by reviewing the scope of the immunity afforded judges.

■ Judges enjoy absolute immunity from liability for damages for acts performed in their judicial capacities. (*Stump* v. *Sparkman* (1978) 435 U.S. 349, 356-357 [55 L.Ed.2d 331, 338-339, 98 S.Ct. 1099]; *Greene* v. *Zank* (1984) 158 Cal.App.3d 497, 507 [204 Cal.Rptr. 770].) Immunity exists for "judicial" actions; those relating to a function normally performed by a judge and where the parties understood they were dealing with the judge in his official capacity. (*Stump, supra,* at p. 362 [55 L.Ed.2d at p. 342]; *Greene, supra,* at p. 507.)

The policy behind this principle is that judges must be free to act in a manner they view proper without fear of subsequent personal liability. (*Ibid.*) This rule is deemed essential to preserve judicial independence. (*Pulliam* v. *Allen* (1984) 466 U.S. 522, 531 [80 L.Ed.2d 565, 572, 104 S.Ct. 1970]; *Greene, supra,* 158 Cal.App.3d at p. 507; *Tagliavia* v. *County of Los Angeles* (1980) 112 Cal.App.3d 759, 762 [169 Cal.Rptr. 467].) "[A judge's] errors may be corrected on appeal, but he should not have to fear that dissatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." (*Pierson* v. *Ray* (1967) 386 U.S. 547, 554 [18 L.Ed.2d 288, 294-295, 87 S.Ct. 1213].)

■ The immunity afforded judges is quite broad and applies to all acts performed in the exercise of judicial functions. Judges are immune from liability even for corrupt or malicious acts. (*Frost* v. *Geernaert* (1988) 200 Cal.App.3d 1104, 1107 [246 Cal.Rptr. 440]; *Tagliavia, supra,* 112 Cal.App.3d at p. 761.) Liability exists only where a judge acted in the "clear absence" of all jurisdiction (*Stump, supra,* 435 U.S. at pp. 356-357 [55 L.Ed.2d at p. 339]; *Greene, supra,* 158 Cal.App.3d at p. 507) or performed an administrative task not embraced within the judge's judicial duties. (*Forrester* v. *White* (1988) 484 U.S. 219, 229-230 [98 L.Ed.2d 555, 566-567,

108 S.Ct. 538].) The immunity is extensive not to shield errant judges from the consequences of their wrongdoing but to benefit the public by insuring detached and impartial decisionmaking. (*Pierson, supra,* 386 U.S. at p. 554 [18 L.Ed.2d at p. 294]; *Greene, supra,* at p. 508; *Frazier* v. *Moffatt* (1951) 108 Cal.App.2d 379, 384-385 [239 P.2d 123].)

The broad reach given judicial immunity is illustrated by the decision in *Frazier* v. *Moffatt, supra,* 108 Cal.App.2d 379. The court held a magistrate was immune from liability for false arrest and imprisonment after he ordered a person's arrest unrelated to any judicial proceeding. As the Legislature had delegated the power to order arrests to magistrates and this power supports the execution of judicial functions, the magistrate's act was judicial and could not supply a basis for liability. (*Id.* at pp. 381-383, 387-388.)

Judges have also been held immune for actions far more grievous than those alleged here. In *Stump* v. *Sparkman, supra,* 435 U.S. 349, a judge was found immune from suit by a woman whose unknowing and nonconsensual sterilization the judge approved. (*Id.* at pp. 351-354, 364 [55 L.Ed.2d at pp. 336-338, 344].)

The Supreme Court reiterated that a judge is deprived of immunity only if he or she acts in a clear absence of jurisdiction. (435 U.S. at pp. 356-357 [55 L.Ed.2d at p. 339].) Upon review, the court found no such lack in the case before it because there was no statutory or case law which had expressly prohibited the lower court from ruling on the sterilization petition and because the parents who had requested the sterilization were authorized to obtain medical care for their children. (*Id.* at pp. 357-358 [55 L.Ed.2d at pp. 339-340].)

The judge's actions were also found to have been judicial and thus immune. This conclusion was premised upon observations that courts frequently rule on petitions concerning the affairs of minors, the judge was sitting as a judge when he signed the petition and it appeared the plaintiff's mother had sought action from the judge because of his official capacity and powers. (435 U.S. at pp. 362-363 [55 L.Ed.2d 342-343].)

■ Plaintiff argues the statutory immunity does not apply here because Karabinus allegedly did not conduct the arbitration "pursuant to" the relevant statutes. This argument is based on one of the allegedly fraudulent statements in Karabinus's findings, that "This arbitration has no jurisdiction to deal with the issue as to whether the quality of legal work performed

fell below the standard of care required in the profession." The controlling statute in fact does permit an arbitrator in such proceedings to consider "evidence relating to claims of malpractice and professional misconduct . . . to the extent that those claims bear upon the fees to which the attorney is entitled." (§ 6203, subd. (a).)

We must reject this argument because adopting it would render the immunity statute meaningless, contrary to accepted principles of statutory interpretation. ■ "In attempting to ascertain legislative intent when construing a statute we presume that the Legislature did not intend absurd results. [Citation.]" (*In re Head* (1986) 42 Cal.3d 223, 232 [228 Cal.Rptr. 184, 721 P.2d 65]; see *People* v. *Morris* (1988) 46 Cal.3d 1, 15 [249 Cal.Rptr. 119, 756 P.2d 843].) Under plaintiff's reasoning, any arbitrator who makes an error of law would be subject to liability because the arbitration would not have been conducted "pursuant to" the authorizing legislation. Of course the only time an arbitrator faces potential liability and thus the only time the statutory immunity is called into play is when one party to the arbitration asserts the arbitrator erred. We cannot adopt an interpretation of the statute which allows the statute to have effect only in those situations where it serves no function. Rather, an arbitrator is entitled to the immunity when the arbitration's structure and procedure are fashioned in accordance with the rules established under section 6200 et seq. and the arbitration results from a request made "pursuant to" the statute's authority.

■ Plaintiff next argues defendants are liable under principles stated in *Baar* v. *Tigerman* (1983) 140 Cal.App.3d 979 [211 Cal.Rptr. 426, 41 A.L.R.4th 1004]. In *Baar,* the parties retained a private arbitration association to conduct an arbitration for them. The arbitrator held hearings but never issued a decision. The parties sued the arbitrator and the sponsoring organization. Their action was dismissed on the ground that arbitrators and their sponsoring organizations benefit from a quasi-judicial immunity. (*Id.* at pp. 981-982; *Oppenheimer* v. *Ashburn* (1959) 173 Cal.App.2d 624, 629-630 [343 P.2d 931].) The appellate court reversed, holding that immunity did not apply on the facts before it. (*Baar, supra,* at pp. 981, 984-987.)

The *Baar* court held arbitration is essentially a contractual arrangement and that the arbitrator had breached his contract with the parties by failing to issue any decision. (140 Cal.App.3d at pp. 984-986.) However, the court specifically pointed out it was not dealing with a case where "disgruntled litigants . . . sought to hold an arbitrator liable for *alleged misconduct in arriving at a decision.*" (*Id.* at p. 983, italics in original.) Thus, even assuming for purposes of argument that *Baar* retains some validity after the

subsequent enactment of subdivision (e) of section 6200 in 1984 (§ 6200; Stats. 1984, ch. 825, § 1), by its own terms *Baar* does not apply to the facts of this case, where the allegation is of error in reaching a result, not in the total failure to reach a decision.

We conclude the claims pleaded against defendant Karabinus are barred by the statutory immunity. (§ 6200, subd. (e).)

■ Plaintiff also contends defendant Association is not immune because its actions were administrative, not judicial.

However, we have no occasion to determine whether a sponsoring bar association is immune for negligently performing administrative acts unrelated to the arbitrator's decision, because the complaint tenders no such claim. (But see *Forrester* v. *White, supra,* 484 U.S. at p. 228 [98 L.Ed.2d at pp. 565-566], and authorities there cited; *Baar* v. *Tigerman, supra,* 140 Cal.App.3d at p. 987; compare *Rubenstein* v. *Otterbourg* (1973) 78 Misc.2d 376 [357 N.Y.S.2d 62].) Here, the only allegation in plaintiff's complaint as to a wrong committed by the Association is a passing reference to the Association's publication of "out-of-date local rules of procedure." There are no factual averments suggesting how these rules were "out-of-date" nor how they caused harm to plaintiff. Thus, the mere fact the Association's rules were "out-of-date" is insufficient to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).)

The only other averment in the complaint implicating the Association is a standard respondeat superior allegation alleging "that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and in doing the things hereinafter alleged were acting within the scope of such agency." However, where an arbitrator is immune from liability, the sponsoring organization is similarly immune from claims based exclusively on agency, because, "Extension of arbitral immunity to encompass boards which sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illusionary. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association." (*Corey* v. *New York Stock Exchange* (6th Cir. 1982) 691 F.2d 1205, 1211.) The court in *Baar* v. *Tigerman, supra,* 140 Cal.App.2d 979, recognized this principle but found it inapplicable there because immunity did not attach to the acts of the arbitrator. (P. 986.)

We conclude the Association is entitled to immunity here. (§ 6200, subd. (e); *Corey, supra,* 691 F.2d at p. 1211.)

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Marler, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 11, 1989.