Filed 6/30/16  Larson v. McConnell CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| HARVEY EUGENE LARSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JUDITH D. MCCONNELL, A JUSTICE OF THE COURT OF APPEAL et al.,<br><br>Defendants and Respondents. | B267312<br><br>(San Diego County<br>Super. Ct. No. 37-2014-00030163-CU-PN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County. Eddie C. Sturgeon, Judge.  Affirmed.

Harvey Eugene Larson, in pro. per., for Plaintiff and Appellant.

Murchison & Cumming, William J. Snyder and Scott J. Loeding, for Defendants and Respondents.

\* \* \* \* \* \*

After Harvey Eugene Larson (Larson) was unsuccessful in the appeal of his petition for resentencing under the Three Strikes Reform Act of 2012, he sued four justices of the California Court of Appeal and two attorneys with Appellate Defenders, Inc. for damages and injunctive relief. The trial court sustained the justices' demurrer on grounds of absolute judicial immunity. Its ruling was dictated by controlling law. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 2000, a jury convicted Larson of resisting an executive officer (Pen. Code, § 69) and exhibiting a deadly weapon to a police officer to resist arrest (Pen. Code, § 417.8), as well as the personal use of a deadly or dangerous weapon (Pen. Code, § 12022, subd. (b)(1)). Larson had three prior convictions that qualified as "strikes" under California's Three Strikes law (Pen. Code, §§ 667, subds. (b)-(j) & 1170.12, subds. (a)-(d)), had served three prior prison terms (Pen. Code, § 667.5, subd. (b)), and had been convicted of a prior "serious" felony (Pen. Code, § 667, subd. (a)(1)). The trial court imposed a sentence of 34 years to life on the resisting arrest count and stayed the sentence on the exhibiting a deadly weapon count under Penal Code section 654.

In March 2013, Larson filed a petition for resentencing under the Three Strikes Reform Act of 2012 on the ground that the felonies he committed in 2000 were neither "serious" nor "violent." The trial court ruled that Larson was ineligible for relief because, in light of the jury's findings, the offense on which he was serving time was a "felony in which the defendant personally used a dangerous or deadly weapon," which is a "serious felony" under Penal Code section 1192.7, subdivision (c)(1)(23). Larson appealed, and his appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, indicating that there were no arguable issues on appeal and asking the Court of Appeal to independently review the trial record. At the invitation of the Court of Appeal, Larson filed a supplemental brief.

In April 2014, the Court of Appeal, Fourth Appellate District, Division One, affirmed the trial court's denial of Larson's petition.

Five months later, in September 2014, Larson sued four of the justices in Division One of the Fourth District Court of Appeal for negligence, alleging that they "denied claims raised on appeal."[1] He sought compensatory and punitive damages. After the justices demurred on grounds of absolute judicial immunity, Larson filed a document entitled "Request for Injunctive Relief," seeking to amend his complaint to add a request for injunctive relief against the justices The trial court sustained the demurrer without leave to amend on the ground that "[t]he moving judicial officers are protected by judicial immunity."

After the court entered its judgment of dismissal, Larson filed a notice of appeal. The California Supreme Court assigned the appeal to Division Two of the Second Appellate District.

## DISCUSSION

It is a "long-standing and absolute" "principle of common law" that "judges are granted immunity from civil suit in the exercise of their judicial functions." (*Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 851; *Frost v. Geernaert* (1988) 200 Cal.App.3d 1104, 1107-1108.) Absolute immunity from suit "'protect[s] the finality of judgments [and] discourag[es] inappropriate collateral attacks'" and also "'protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.'" (*Howard*, at p. 852, quoting *Forrester v. White* (1988) 484 U.S. 219, 225, superseded on other grounds by 42 U.S.C. § 1983.) This immunity attaches whether or not the judge's actions are "erroneous" or "malicious." (*Howard*, at p. 851.) Dismissal by demurrer is proper when absolute immunity applies. (*Regan v. Price* (2005) 131 Cal.App.4th 1491, 1495.)

In this case, Larson is suing four justices in Division One of the Fourth District Court of Appeal for negligently denying his appeal of the trial court's ruling on his

---

1    Larson also sued the two attorneys who represented him on appeal, but they are not parties to this appeal.

petition for resentencing. In ruling on his appeal, the judges were exercising their judicial function, and absolute immunity bars Larson's claims against them.

On appeal, Larson raises three arguments. First, he suggests that absolute immunity applies only to actions for *damages*, not for *injunctive relief*; thus, he reasons, his claim for injunctive relief should remain viable. To be sure, *Pulliam v. Allen* (1984) 466 U.S. 522, 536-537 (*Pulliam*), held that absolute judicial immunity did not apply to claims for "prospective relief" under section 1983 of title 42 of the United States Code. At least one California case has extended *Pulliam*'s rule to "*any* action for injunctive relief." (*Lezama v. Justice Court* (1987) 190 Cal.App.3d 15, 20.) But Congress superseded *Pulliam* on this point, extending judicial immunity to bar any injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." (42 U.S.C. § 1983.) We need not decide whether *Lezama*'s rationale survives Congress's abrogation of *Pulliam* because *Lezama* itself recognized that injunctive relief is unavailable where there is an adequate remedy of law. (*Lezama*, at p. 21.) Here, there is: Larson has the right to seek review of the Court of Appeal's ruling with our Supreme Court. (Cal. Rules of Court, rule 8.500.) Thus, Larson's claims against the judges are barred in their entirety.

Second, Larson suggests that the post-*Pulliam* exception now contained in section 1983 applies to him. However, the Court of Appeal in affirming the denial of his petition did not "violat[e]" any "declaratory decree"; nor is there any showing that "declaratory relief [i]s unavailable." (42 U.S.C. § 1983.) Thus, even if we ignored the adequacy of Larson's remedy at law and assumed that the statutory exception for certain injunctive relief claims under section 1983 applies to a state tort claim, Larson cannot avail himself of this exception.

Lastly, Larson argues that the Court of Appeal's ruling is wrong on the merits. This is irrelevant to the question of absolute immunity, which applies whether or not the ruling was "erroneous."

## DISPOSITION

The order of dismissal is affirmed.  Defendants are entitled to their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:


_____, P.J.
BOREN


_____, J.
CHAVEZ