Filed 5/27/22  Silva v. Schechter CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| HELIODORO A. SILVA,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JEANNE SCHECHTER, a Judge of the Superior Court,<br><br>    Defendant and Respondent. | F082423<br><br>(Super. Ct. No. 20CV-02515)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Timothy W. Salter, Judge.

Heliodoro A. Silva, in pro. per., for Plaintiff and Appellant.

Bold, Polisner, Maddow, Nelson & Judson, Craig L. Judson and Sharon M. Nagle, for Defendant and Respondent.

-ooOoo-

---

*        Before Smith, Acting P. J., Snauffer, J. and De Santos, J.

An inmate filed a civil suit for damages against a superior court judge who presided over habeas proceedings in which the inmate challenged his underlying criminal convictions. The trial court sustained the judge's demurrer without leave to amend. We affirm.

## FACTS AND PROCEEDINGS

On September 2, 2020, inmate Heliodoro A. Silva filed a civil complaint in the Merced County Superior Court against Superior Court Judge Jeanne Schechter, the City of Merced, the County of Merced, a county prosecutor, and a police detective. This appeal concerns the claims against Judge Schechter.

On May 11, 2020, Judge Schechter denied a petition for writ of habeas corpus filed by Silva in connection with his convictions. On September 2, 2020, Silva filed the aforementioned complaint against Judge Schechter, among others.

Silva stated in the complaint: "The Plaintiff is serving two consecutive life without the possibility of parole sentences for … aiding and abetting two murders, conviction[s] [dated] November 4, 2016." He further noted: "Plaintiff … is actually and factually innocent." (Unnecessary capitalization omitted.)

In the complaint, Silva alleged, with reference to his prior convictions, that the prosecutor, investigating detective, and Judge Schechter had conspired to secure and uphold his convictions. In this context, he alleged that the investigating detective had punched him in the stomach to coerce him into giving a false confession in Spanish. Silva further alleged that, at his criminal trial, the prosecutor played a recording of his confession that was in English and did not reflect the detective's coercive tactics. Silva alleged that when he filed his petition for writ of habeas corpus challenging his convictions, Judge Schechter did not approve subpoenas to compel the sheriff's office to produce the original recording of his confession, did not conduct an evidentiary hearing to determine whether his confession was coerced, and denied his petition. Silva alleged in the complaint that Judge Schechter denied his petition as part of a conspiracy with the

2.

prosecutor and the investigating detective, because "[e]very judge in this country know[s] that if they grant a petition for Writ of Habeas Corpus, to a defendant, the defendant is going to sue the police, the prosecution, the City and County." The complaint sought damages from all the defendants.

On January 11, 2021, the trial court sustained, without leave to amend, Judge Schechter's demurrer to Silva's complaint. The court determined, based on the face of the complaint, that the allegations against Judge Schechter were foreclosed because she was "entitled to absolute judicial immunity." The court entered a judgment of dismissal as to the claims against Judge Schechter. This appeal followed.

## DISCUSSION

### *The Trial Court Properly Sustained Judge Schechter's Demurrer to the Complaint and Properly Denied Leave to Amend*

Preliminarily, we note that Silva has waived all issues on appeal because he has essentially filed, as his opening brief, the operative complaint that was filed in the trial court. He has not framed any issues on appeal or supported his claims with reasoned argument and citations to appropriate legal authorities and the record. "[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) Here, Silva's opening brief does not identify any error on the part of the trial court; he has therefore waived all issues on appeal. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'A judgment or order of the lower court is *presumed correct* … and error must be affirmatively shown.' "]; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [when an appellant asserts a point, "but fails to support it with reasoned arguments and citations to authority," we treat the point as waived]; *Keyes v. Bowen*, *supra*, at p. 655 [an appellant cannot simply "tender the complaint [on appeal] and hope we can

3.

discern a cause of action"]; *Garrick Development Co. v. Hayward Unified School Dist.* (1992) 3 Cal.App.4th 320, 334 [an appellant may not simply incorporate by reference arguments made in papers filed in the trial court, rather than briefing them on appeal].) In any event, there is no merit to this appeal.

"When the trial court sustains a demurrer, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action." (*Glen Oaks Estates Homeowners Assn. v. Re/Max Premier Properties, Inc.* (2012) 203 Cal.App.4th 913, 918.) " 'While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. [Citations.] When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment.' " (*Green Valley Landowners Assn. v. City of Vallejo* (2015) 241 Cal.App.4th 425, 432.) " 'If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed.' " (*Ibid.*)

Respondent, Judge Schechter, argues the trial court properly sustained her demurrer without leave to amend. She argues: "Appellant's complaint is based upon official, judicial acts by Judge Schechter and therefore all causes of action are barred by absolute judicial immunity…. Nor does Appellant demonstrate that he can cure [this defect]. Consequently, the trial court's ruling to sustain Judge Schechter's demurrer without leave to amend should be affirmed." We agree with respondent and affirm.

Judges are immune from civil suits arising out of the exercise of their judicial functions. (*Mireles v. Waco* (1991) 502 U.S. 9, 11; *Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 851 [judicial immunity from a civil action for monetary damages is absolute].) Accordingly, any cause of action for damages against Judge Schechter based on her official, judicial acts while presiding over matters before her, is barred by absolute judicial immunity. "The decisions of this state uniformly and consistently grant

4.

immunity from civil suit to judges in the exercise of their judicial functions. [Citation.] That is true even if the acts are in excess of the jurisdiction of the judge and are alleged to have been done maliciously and corruptly." (*Tagliavia v. County of Los Angeles* (1980) 112 Cal.App.3d 759, 761.) "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." (*Stump v. Sparkman* (1978) 435 U.S. 349, 362.)

Here, the acts complained of were undertaken by Judge Schechter in exercising judicial functions while presiding over Silva's habeas proceedings. Therefore, as a matter of law, Silva cannot state a cause of action for damages against Judge Schechter, nor can he reasonably amend his complaint to do so. (See *Frost v. Geernaert* (1988) 200 Cal.App.3d 1104, 1107, 1110 [trial court properly applied judicial immunity doctrine in sustaining, without leave to amend, demurrer to complaint alleging, inter alia, conspiracy by judicial officers in making rulings in certain cases].) In sum, the trial court properly sustained Judge Schechter's demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed. Each party to bear its own costs on appeal.