Filed 10/23/13

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| YANIRA GARCIA RAMIREZ CASTELLON, | B245651 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC058752) |
| v. | |
| U.S. BANCORP, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County. Margaret Miller Bernal, Judge. Affirmed.

Law Offices of Lee C. Arter, Lee C. Arter and Ronald Z. Gomez for Plaintiff and Appellant.

Klinedinst PC, G. Dale Britton, Kevin J. Gramling, and Anthony B. Daye for Defendant and Respondent.

Plaintiff and appellant Yanira Garcia Ramirez Castellon (plaintiff) appeals the summary judgment entered in favor of defendant and respondent U.S. Bancorp (defendant), as trustee of the Luis Villalobos Settlement Trust (the Trust), in this action for negligence and premises liability for injuries sustained when plaintiff slipped and fell outside a residence owned by the Trust.  We affirm the judgment.

## BACKGROUND

In May 2009, plaintiff rented a room in a detached garage located on Broadway in Huntington Park, California (the property).  Maria Luisa Villalobos, also known as Maria Luisa Hernandez (Hernandez), and her family lived in a house located on the property. The property was owned by the Trust, and defendant was the trustee of the Trust.

At approximately 10:00 p.m. on May 28, 2009, plaintiff was leaving the house through the kitchen door and fell on concrete steps located outside the kitchen door at the rear of the house.  Plaintiff sued defendant in its personal capacity and as trustee of the Trust for negligence and premises liability, claiming the steps on which she fell constituted a dangerous condition.

Defendant moved for summary judgment on the grounds that it was not personally liable for any of plaintiff's injuries because there was no evidence that defendant intentionally or negligently acted in a manner that establishes fault.  Defendant further argued that plaintiff's causes of action for negligence or premises liability failed because she could not establish the elements of duty, breach of duty, and causation.  Defendant's motion was supported a separate statement of undisputed material facts stating the sole basis for plaintiffs' claims against defendant was the absence of lighting at the stairs; plaintiff knew it was dark outside at the time of the accident; a properly functioning light was located outside the kitchen door at the top of the stairs; and plaintiff did not turn on the light because she could not find the light switch.  Defendant's separate statement also pointed out that Hernandez's house had a front door through which plaintiff could have entered or exited.  Defendant's separate statement was supported by plaintiff's deposition testimony and her discovery responses.

2

Plaintiff opposed the summary judgment motion, arguing that triable issues of fact existed as to whether the absence of lighting was the sole cause of her accident; whether defendant was negligent in performing a property inspection three weeks before the accident; and whether defendant was liable for the conduct of Hernandez, who was acting as an agent of the Trust. In support of her opposition, plaintiff submitted her own separate statement that included the following additional facts: Hernandez told plaintiff to turn on the light as plaintiff exited the house; plaintiff could not find the light switch and repeatedly asked for assistance in turning on the light, but Hernandez did not respond to these requests; plaintiff left the house in the dark and fell on the concrete steps outside. Plaintiff's opposition was also supported by her deposition testimony; by a U.S. Bank National Association Real Property Inspection Form indicating that the property had been inspected on May 7, 2009, that the grounds were in "fair" condition, and the structures were in "average" condition; and by trust documents for the Trust showing that Hernandez had been appointed as an initial member of the Trust advisory committee, which had the power to recommend and advise the trustee concerning payments to be made to or for the benefit of the beneficiary during his lifetime.

The trial court granted defendant's motion, and judgment was subsequently entered in defendant's favor. This appeal followed.

DISCUSSION

## I. Standard of review

Summary judgment is granted when a moving party establishes the right to entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the initial burden of proving there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Cucuzza v. City of Santa Clara* (2002) 104 Cal.App.4th 1031, 1037.) Once the defendant has made such a showing, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826,

3

849.)  If the plaintiff does not make such a showing, summary judgment in favor of the defendant is appropriate.  In order to obtain a summary judgment, "all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action . . . .  [T]he defendant need not himself conclusively negate any such element." (*Id*. at p. 853.)

We review the trial court's grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law.  (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348; Code Civ. Proc., § 437c, subd. (c).)

## II.  Negligence and premises liability

The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury.  (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917-918.)  The elements of a cause of action for premises liability are the same as those for negligence:  duty, breach, causation, and damages. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205; see Civ. Code, § 1714, subd. (a).)

The liability of a trustee for obligations arising out of its ownership or control of trust property or for torts committed in the course of administering trust assets is limited by statute.  Probate Code section 18001 provides:  "A trustee is personally liable for obligations arising from ownership or control of trust property only if the trustee is personally at fault."  The Law Revision Commission comment that accompanies this statute explains that the statutory language "personally at fault" means the "trustee, either intentionally or negligently, acts or fails to act."  (Cal. Law Revision Com. com., Deering's Ann. Prob. Code (2004 ed.) foll. § 18001, p. 604.)

Probate Code section 18002 similarly provides:  "A trustee is personally liable for torts committed in the course of administration of the trust only if the trustee is personally at fault."  The relevant portion of the Law Revision Commission comment that accompanies Probate Code section 18002 states that "[a] trustee is 'personally at fault' when the trustee commits a tort either intentionally or negligently."  (Cal. Law Revision Com. com., Deering's Ann. Prob. Code, *supra*, foll. § 18002, p. 604.)

4

The undisputed evidence shows that the Trust, and not defendant, was the owner of the property at the time of the accident. Defendant accordingly cannot be held liable for plaintiff's injuries unless it was "personally at fault" by intentionally or negligently committing a tort. (Prob. Code, §§ 18001, 18002.)

Plaintiff claims that defendant breached a nondelegable duty to ensure that the property was properly illuminated, and that the absence of lighting caused her to trip and fall on the kitchen stairs. There was undisputed evidence, however, that a functioning light was located outside the kitchen door at the top of the stairs on which plaintiff fell, and that Hernandez was able to turn on that light immediately after the accident. There was also undisputed evidence that Hernandez told plaintiff to turn on the light before exiting the house. Plaintiff admitted she did not do so because she could not find the light switch. Although plaintiff claims to have asked for help in turning on the light, when help was not immediately forthcoming, she chose to exit in the dark and fell. Defendant met its burden of showing that plaintiff's cause of action for negligence fails because there is no evidence it was personally at fault. Plaintiff failed to raise any triable issue as to defendant's alleged negligence.

Plaintiff argues that defendant may be held vicariously liable for Hernandez's conduct in ignoring plaintiff's requests for assistance in turning on the exterior light and that triable issues of fact exist as to whether Hernandez was defendant's agent. Plaintiff presented no evidence to support the existence of an such an agency relationship. That Hernandez was the mother of the Trust's beneficiary, or that she was authorized, as a member of the Trust's advisory committee, to advise the trustee regarding payments to be made for the benefit of the beneficiary, creates no triable issue as to whether she was defendant's agent.

Plaintiff's cause of action for premises liability fails because there is no evidence of a dangerous condition on the property. Plaintiff's premises liability claim, like her claim for negligence, is based on the alleged lack of adequate lighting. It is undisputed, however, that there was a functioning light at the location where plaintiff fell, and that Hernandez was able to turn on the light immediately after plaintiff's fall. Plaintiff

5

contends defendant's May 2009 inspection constituted constructive notice of the dangerous condition on the property because the inspection should have disclosed her tenancy on the property. Had defendant been aware of her tenancy, plaintiff argues, it "would have been able to consider the sufficiency of the existing lighting" and the possibility that she would periodically enter and exit the main house. Plaintiff's argument ignores the fundamental question of whether a dangerous condition existed on the property. Neither the May 2009 property inspection report, nor defendant's actual or constructive knowledge of plaintiff's tenancy, raises any triable issue regarding the existence of a dangerous condition.

Summary judgment was properly granted in this case.

## DISPOSITION

The judgment is affirmed. Defendant is awarded its costs on appeal.

**CERTIFIED FOR PUBLICATION**


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.*
FERNS


_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.