Filed 2/19/15  Lopez v. Ralph's Grocery CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PAULA LOPEZ et al., | |
| Plaintiffs and Appellants, | E059969 |
| v. | (Super.Ct.No.  CIVBS1100443) |
| RALPH'S GROCERY COMPANY et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  David Cohn, Judge.

Affirmed.

Law Offices of Richard Devirian and Richard C. Devirian; Esner, Chang & Boyer and Andrew N. Chang for Plaintiffs and Appellants.

Cihigoyenetche, Grossberg & Clouse, Katharine L. Spaniac and Anthony C. Ferguson for Defendants and Respondents.

Plaintiffs and appellants Paula Lopez and Stephen A. Lopez brought suit against defendants and respondents Ralph's Grocery Company (Ralph's) and TVL Properties,

1

LLC (TVL or, collectively with Ralph's, defendants) following the death of Patrocinio Lopez, who was the husband of Paula Lopez and father of Stephen A. Lopez. Mr. Lopez died from injuries suffered when he tripped and fell in the parking lot of a grocery store operated by Ralph's and located on property owned by TVL.

Plaintiffs appeal from the trial court's grant of summary judgment in favor of defendants. Plaintiffs contend, among other things, that defendants failed to meet their initial burden of production, that the trial court's reliance on the trivial defect doctrine to find defendants not liable as a matter of law was erroneous, and that they raised a triable issue of material fact as to whether the condition that injured Mr. Lopez was open and obvious. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On July 13, 2011, at about 7:00 p.m., while retrieving a shopping cart in the parking lot of a "Food 4 Less" grocery store in Barstow, California, Mr. Lopez tripped over a speed bump and fell. Tragically, he died of injuries resulting from the fall—specifically, a ruptured spleen.

The speed bump at issue is rubber, and was installed by attaching it to the asphalt of the parking lot on July 25, 2010. It is approximately six feet long, one foot wide, and two and one-fourth inches in height. It is black in color, with large, yellow diagonal stripes painted across the top curved portion. Between that top curved portion and the bottom edge of the speed bump is a vertical edge of between one-half and nine-sixteenths of an inch in height. According to plaintiffs' accident reconstruction expert, who

2

examined the site of Mr. Lopez's accident, the speed bump had also separated somewhat from the asphalt to which it was attached, causing the vertical edge to "migrate[], in some locations, to a height as great as 13/16 of an inch." Plaintiffs' expert's theory, based on his examination of the accident site and review of security video of Mr. Lopez's fall, is that Mr. Lopez's foot did not just strike the speed bump, but also became "trapped" underneath it, causing him to lose his balance and fall.[1]

Plaintiffs' "Complaint for Wrongful Death," filed on August 24, 2011, alleges two causes of action. The first cause of action is untitled, but in substance asserts a claim for negligence or premises liability. (See *Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998 [elements of premises liability cause of action are the same as negligence cause of action].) The second cause of action is for product liability.[2]

Defendants' motion for summary judgment or, in the alternative, summary adjudication, was filed on May 2, 2013. After a hearing on August 9, 2013, the trial court granted summary judgment in favor of defendants. The court entered judgment on September 13, 2013.

---

[1] The security video was not submitted as evidence in support of or in opposition to defendants' motion for summary judgment, so it does not appear in our record on appeal. Apparently, however, both defendants' and plaintiffs' experts did review that video.

[2] On appeal, plaintiffs have raised no claims of error with respect to the trial court's ruling on their second cause of action, asserting only arguments relating to negligence or premises liability. We therefore do not further discuss the product liability cause of action.

## II. DISCUSSION

### A.  Standard of Review

The well-known principles generally governing appellate review of an order granting a motion for summary judgment are as follows:  "A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.  [Citation.]  We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports.  [Citation.]  In the trial court, once a moving defendant has 'shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established,' the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff 'may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .'"  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476-477; Code Civ. Proc., § 437c, subd. (p)(2).)  "In reviewing whether these burdens have been met, we strictly scrutinize the moving party's papers and construe all facts and resolve all doubts in favor of the party opposing the motion." (*Innovative Business Partnerships, Inc. v. Inland Counties Regional Center, Inc.* (2011) 194 Cal.App.4th 623, 628 [Fourth Dist., Div. Two].)

**B. Analysis**

The trial court found defendants not liable for negligence or premises liability based on the trivial defect doctrine, and alternatively because the speed bump at issue was an "open and obvious condition . . . ." Plaintiffs contend defendants did not meet their initial burden of production in support of their motion, and that in any case they produced sufficient evidence to preclude application of the trivial defect doctrine, and to raise a triable issue of material fact as to whether the condition that injured Mr. Lopez was open and obvious. For the reasons stated below, we affirm the trial court's judgment in favor of defendants.

*1. Defendants made an adequate prima facie showing of the nonexistence of any triable issue of material fact.*

Plaintiffs note that the exact measurements of the speed bump at issue, or the alleged defect in the speed bump, were not included in defendants' moving papers, and argue on that basis that defendants failed to meet their initial burden of production to show that the trivial defect doctrine applies or that the condition that injured Mr. Lopez was open and obvious. Although plaintiffs' premise is undisputed, we disagree with their conclusion.

As the trial court noted in the hearing on defendants' motion, nothing in the moving papers and supporting documents established the exact measurements of the speed bump at issue, or the alleged defect in the speed bump. Those measurements were provided to the court later, by plaintiffs' expert's declaration submitted in support of the

5

opposition. Nevertheless, if defendants had failed to meet their initial burden, it would not matter what plaintiffs later submitted; the motion would be properly denied. (See *Barber v. Chang* (2007) 151 Cal.App.4th 1456, 1463 ["If the evidence does not support judgment in the defendant's favor, we must reverse summary judgment without considering the plaintiff's opposing evidence"].)

Despite the lack of exact measurements, however, defendants' moving papers did include photographs of the speed bump at issue. These photographs enabled the trial court to view the allegedly hazardous speed bump, and to make a general evaluation of its size and the surrounding conditions, even if exact measurements were not available. Plaintiffs cite no authority—and we are aware of none—in support of the notion that, absent exact measurements of an alleged defect, a defendant seeking summary judgment cannot make even a prima facie showing that the defect is trivial, or that the allegedly dangerous condition is open and obvious.

We conclude, upon de novo review of the evidence, that the trial court correctly concluded defendants had satisfied their initial burden of production. We turn, therefore, to plaintiffs' arguments that they produced sufficient evidence to demonstrate a triable issue of fact.

*2. Summary judgment in favor of defendants is appropriate under the trivial defect doctrine.*

"The trivial defect doctrine is not an affirmative defense. It is an aspect of a landowner's duty which a plaintiff must plead and prove." (*Stathoulis v. City of*

6

*Montebello* (2008) 164 Cal.App.4th 559, 567 (*Stathoulis*).) The fundamental principle underlying the doctrine is that "[s]ome defects are bound to exist even in the exercise of reasonable care in the maintenance of property and cannot reasonably be expected to cause accidents." (*Id.* at p. 566.) In applying the doctrine, the trial court determines whether a defect is trivial as a matter of law, serving thereby as "a check valve for the elimination from the court system of unwarranted litigation which attempts to impose upon a property owner what amounts to absolute liability for injury to persons who come upon the property." (*Ursino v. Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 398-399.)

"The legal analysis involves several steps. First, the court reviews evidence regarding the type and size of the defect. If that preliminary analysis reveals a trivial defect, the court considers evidence of any additional factors such as the weather, lighting and visibility conditions at the time of the accident, the existence of debris or obstructions, and plaintiff's knowledge of the area. If these additional factors do not indicate the defect was sufficiently dangerous to a reasonably careful person, the court should deem the defect trivial as a matter of law and grant judgment for the landowner." (*Stathoulis*, *supra*, 164 Cal.App.4th at p. 567.)

Our preliminary analysis of the evidence yields the conclusion that, to the extent there is any defect in the speed bump at issue, that defect is trivial. As noted, the purported defect on which plaintiffs rest their arguments is the vertical edge of the speed bump, combined with any area beneath the speed bump resulting from separation from

7

the asphalt. Based on the testimony of plaintiffs' expert, this combination resulted in a vertical tripping hazard of something less than an inch and a half in height—a maximum of thirteen-sixteenths of an inch of separation from the asphalt, and a maximum of nine-sixteenths of an inch of vertical edge.[3] An inch-and-a-half defect in a walkway is within the size range that previous courts have found to be trivial. (See *Barrett v. City of Claremont* (1953) 41 Cal.2d 70, 74 [collecting cases]; *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 724, fn. 4 [collecting cases].)

Of course, "a tape measure alone cannot be used to determine whether the defect was trivial," because additional factors may make a defect "more dangerous than its size alone would suggest." (*Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 927 (*Caloroso*).) In this case, however, there are no additional factors that indicate the alleged defect to be "sufficiently dangerous to a reasonably careful person . . . ." (*Stathoulis*, *supra*, 164 Cal.App.4th at pp. 567-568.) It was still light out at the time of Mr. Lopez's accident, 7:00 p.m. on a summer evening. There is no evidence of anything concealing the speed bump, or any part of it, from Mr. Lopez's view, or any weather or other conditions of the parking lot that might have made the speed bump more hazardous to a reasonably careful person. Mr. Lopez was generally familiar with the area, having

---

[3] Plaintiffs' expert's declaration does not specifically establish that the point of maximum separation of the speed bump from the asphalt coincides with the point where the vertical edge of the speed bump is at its maximum. The declaration also does not establish that either maximum coincides with the specific part of the six-foot-long speed bump where Mr. Lopez tripped, though that information may well have been discernable from the security camera footage of the accident.

visited the same grocery store on many occasions previously. Where, as here, there is no evidence that any other conditions made the alleged defect dangerous, it is properly deemed trivial as a matter of law. (*Caloroso*, *supra*, at p. 927.)

As noted, plaintiffs did submit the declaration of an accident reconstruction expert, opining among other things that the speed bump that tripped Mr. Lopez was a serious hazard. We conclude, however, that this expert testimony is insufficient to create a triable issue of fact. The declaration contends that the speed bump violates certain standards for walkways—specifically, "ASTM document F1637"—but does not establish that this standard has been accepted as the proper standard to apply to business parking lots in California. (See *Caloroso*, *supra*, 122 Cal.App.4th at pp. 925, 928 [agreeing with trial court's rejection of expert opinion relying on ASTM standards].) The expert's citation to California regulations applicable to work areas—generally requiring that walkways be kept free of dangerous obstructions, and that hazards be marked by some method—does nothing to show that the speed bump at issue in this case was hazardous to a reasonably careful person, or inadequately marked as a hazard. (See Cal. Code Regs., tit. 8, §§ 3272, subd. (c), 3273, subds. (a) & (b).) Plaintiffs' expert also makes much of the circumstance that the yellow stripes of the speed bump do not extend down from the curved top of the speed bump onto its vertical edge or, obviously, the space between the speed bump and the asphalt. He cites no authority, however, other than his own ipse dixit, tending to indicate that this circumstance violates any accepted standard or regulation. In any case, "regardless of whether a witness can be found to opine on the

9

subject of a dangerous condition, the court must independently evaluate the circumstances." (*Caloroso*, *supra*, at p. 928.) Here, our independent evaluation of the circumstances leads us to the same conclusion as the trial court: to the extent plaintiffs have identified any defect in the speed bump at issue, that defect is trivial as a matter of law.

*Dolquist v. City of Bellflower* (1987) 196 Cal.App.3d 261 (*Dolquist*), a case emphasized by plaintiffs, does not require a different result. In that case, a woman was injured when she tripped over a piece of reinforcing steel protruding up one-fourth inch from a concrete tire stop, which itself was a maximum of five and seven-sixteenths inches high, in a business's parking lot. (*Id.* at pp. 264, 268.) The *Dolquist* court found the protruding "rebar" did not constitute a trivial defect as a matter of law, rejecting the "strict tape measure approach" urged by the defendant. (*Id.* at p. 268.) It found that the protrusion was at least arguably "large enough to cause an injury while being small enough to avoid easy detection," and concluded on that basis that reasonable minds could differ as to the dangerousness of the protrusion. (*Id.* at p. 270.)

We agree with the *Dolquist* court that a strict tape measure approach would be inappropriate. Nevertheless, the circumstances of our case are different, and require a different conclusion. The alleged defect at issue here is the *bottom* portion of a speed bump, and the small space between the bottom of the speed bump and the asphalt of the parking lot. A reasonably careful pedestrian stepping onto or over the speed bump at issue would encounter no difficult-to-detect protrusion similar to that described in

10

*Dolquist*.  To encounter the alleged defect at all would require the pedestrian to strike his

or her foot against the *bottom* portion of a plainly visible speed bump.  We therefore

reach a different conclusion than did the *Dolquist* court, applying the same law to quite

different facts.

*Kasparian v. AvalonBay Communities*, *Inc*. (2007) 156 Cal.App.4th 11, another

case emphasized by plaintiffs, is similarly distinguishable.  In that case, the alleged

hazard at issue was a drain that was not flush with the surrounding brick of the walkway,

creating a depression varying in depth from one thirty-second of an inch to five-

sixteenths of an inch, and five inches in diameter.  (*Id.* at pp. 21, 28-29.)  However, in

reversing the trial court's finding that the defect was trivial as a matter of law, the

*Kasparian* court credited the plaintiffs' expert's opinion that the drain at issue "'pose[d] a

safety hazard to pedestrians who do not have any expectation that any drain is not flush

with the surrounding brick pavers.'"  (*Id.* at pp. 28-29.)  No similar expectation of a

perfectly flat walkway is reasonably attributed to pedestrians in parking lots such as the

one where Mr. Lopez fell; speed bumps in parking places are commonplace.  We have no

quarrel with the *Kasparian* court's explication of the law, but applying that law to the

facts of this case yields a different result.

In short:  After de novo review of the evidence, construing all facts and resolving

all doubts in favor of plaintiffs, we are nevertheless persuaded that, to the extent plaintiffs

11

have identified any defect in the speed bump at issue, that defect is trivial as a matter of

law.**4**

III. DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

_____HOLLENHORST_____

J.

We concur:


_____RAMIREZ_____

    P.J.

_____RICHLI_____

    J.

---

**4** Because this conclusion is an independently sufficient basis for granting summary judgment in favor of defendants, we need not and do not discuss the trial court's alternative ruling that the condition that injured Mr. Lopez was open and obvious, or the parties' arguments with respect to that ruling.

12