**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RONG DONG LI, | No. 14-55956 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02465-CAB-BGS |
| v. | |
| AKAL SECURITY, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before: FISHER, M. SMITH and NGUYEN, Circuit Judges.

Rong Dong Li appeals the adverse judgment entered in his negligence action against defendant Akal Security, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the judgment and remand for further proceedings.

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Li was detained at the El Centro Service Processing Center operated by United States Immigration and Customs Enforcement. Akal provided security services at the center. In 2008, Li went to the men's restroom and found two detainees fighting. Li reported the fight to a guard, who walked the detainees out of the restroom and handed them over to a second guard. The second guard, however, released both detainees right away. One of them, identified only as John Doe One, immediately returned to the restroom with another detainee and attacked Li, injuring him.

Li filed suit against Akal for damages, asserting a negligence claim and raising three distinct theories of negligence, only one of which he asserts on appeal – namely, that Akal breached its duty to protect him from other detainees by failing to segregate John Doe One after the fight. The district court dismissed this theory, with prejudice, under Federal Rule of Civil Procedure 12(b)(6), concluding Li's first amended complaint contained insufficient factual allegations to "give rise to a reasonable inference that it was foreseeable that John Doe One, simply in virtue of being in a fight that Li reported, would seek Li out to retaliate against him." The case subsequently was transferred from Judge Burns to Judge Bencivengo, and the court in due course granted summary judgment to Akal on Li's remaining negligence theory. Li timely appealed, arguing the district court erred by

2

dismissing his negligence theory and furthermore that the claim would survive summary judgment.  We agree.

### 1.  Rule 12(b)(6) Dismissal

The district court dismissed Li's negligence theory with prejudice because it concluded the allegations of Li's first amended complaint were insufficient to state a claim.  By the time of this ruling, however, the district court had granted Li leave to file a second amended complaint, Li had filed the second amended complaint and the second amended complaint included additional factual allegations relevant to the district court's analysis as to the sufficiency of Li's claims.  We hold the court erred by ruling on the sufficiency of the first amended complaint after the second amended complaint had been filed.  As our case law makes clear, "an amended complaint supersedes the original, the latter being treated thereafter as non-existent."  *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (internal quotation marks omitted); *accord Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc); *see* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2016) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at

the amended pleading." (footnote omitted)). Accordingly, the district court erred by dismissing Li's negligence theory under Rule 12(b)(6).

## 2. Summary Judgment

Akal nonetheless maintains that summary judgment is appropriate on this theory. The district court did not address this question, but it was briefed in the district court, it has been briefed on appeal, and we may affirm on any ground supported by the record. *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003). We therefore reach the issue, but we disagree with Akal that Li has failed to establish a triable issue of negligence.

Under California law, the elements of negligence are (1) the existence of a legal duty of care, (2) breach of that duty and (3) proximate cause resulting in injury. *See Castellon v. U.S. Bancorp*, 163 Cal. Rptr. 3d 637, 640 (Ct. App. 2013). The first element is satisfied here. *See Giraldo v. Cal. Dep't of Corr. & Rehab.*, 85 Cal. Rptr. 3d 371, 382-85 (Ct. App. 2008) (holding jailers have a duty of care to protect prisoners from foreseeable harm inflicted by third parties). As to the remaining elements, the parties dispute whether Li has presented sufficient evidence from which a reasonable jury could find the harm to Li was foreseeable. Viewing the evidence in the light most favorable to Li, and drawing all reasonable

4

inferences in his favor, *see City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014), we conclude Li has done so.

First, Li reported John Doe One and the other detainee to the guards. A jury could reasonably infer that John Doe One was angry at Li for doing so. A jury could also reasonably infer that a detainee who "snitches" on another detainee faces a risk of retaliatory violence. *Cf. Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (holding allegations that prison officials labeled an inmate a snitch, subjecting him to retaliation by other inmates, supported a cause of action for violation of the inmate's constitutional right to be protected from violence while in custody).

Second, the guards had reason to know John Doe One was a violent detainee. The guards knew the detainees had been involved in a fight, and they knew the fight was serious. One of the guards, in fact, observed a cut on the nose of one of the detainees.

Akal argues the violence was not foreseeable because the detainees involved in the fight wore gray uniforms, whereas detainees known to be violent wore red uniforms. This argument fails because, regardless of the uniforms worn, the guards knew the detainees had been involved in a serious altercation that very day. Thus, even if they were not known to be violent *before* the fight, they were known

to be violent *after* it. Akal alternatively argues the violence was not foreseeable because the initial altercation involving the detainees was "mild." Akal points out the detainees were shaking hands and hugging each other when the first guard came into the restroom; they denied anything had happened. Viewing the evidence in Li's favor, however, the altercation was anything but mild. Li testified the men were fighting with their fists and legs, and the same guard who found the detainees "shaking hands and hugging each other" also reported "a cut on the bridge" of the nose of one of the detainees, consistent with a violent altercation. Indeed, that the detainees denied any fight had occurred supports the inference that they would have been angry at Li for reporting the fight. Akal alternatively argues the violence was not foreseeable because Li was not afraid to remain in the restroom after the two detainees were led away. The assault on Li, however, began no more than a minute after the detainees were led away from the restroom. Li had no reason to believe they would be released so quickly, so it is unsurprising that he felt safe being in the restroom immediately after the detainees were led away.

In sum, Li presented evidence both that he was a particularly vulnerable detainee, given that he had reported the other detainees to the guards for misconduct, and that John Doe One was a violent and dangerous detainee who had been involved in a violent altercation just minutes earlier. Under these

6

circumstances, a reasonable jury could find the guards were negligent for immediately releasing the two detainees, rather than taking some measures – such as segregating the detainees from the general population, investigating the potential for retaliatory violence or warning Li – to protect Li from retaliatory violence. Because a reasonable jury could find Akal negligently failed to protect Li, Akal is not entitled to summary judgment.

The judgment of the district court is vacated and the case is remanded. Costs of appeal are awarded to Li.

**VACATED AND REMANDED.**