[No. B105906. Second Dist., Div. Two. July 9, 1997.]

RONALD BRANSON, Plaintiff and Appellant, v.
KEVIL W. MARTIN, as Commissioner, etc., et al., Defendants and
Respondents.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1 and 4.

## COUNSEL

Ronald Branson, in pro. per., for Plaintiff and Appellant.

Nelson & Fulton, Henry Patrick Nelson and Amber A. Logan for Defendants and Respondents.

## OPINION

**NOTT, J.**—Ronald Branson appeals from an order of dismissal following the sustaining of a demurrer without leave to amend in favor of respondents Kevil W. Martin and County of Los Angeles. We affirm.

### STANDARD OF REVIEW

On appeal, we are obligated to assume the truth of all facts (but not contentions or conclusions of law) properly pleaded by appellant. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We also interpret the complaint as a whole, giving it a reasonable interpretation, and making a determination as to whether the facts state the basis of any relief. Further, we will accept the truth of all facts which may logically be inferred from the facts alleged in the complaint. (*Marshall* v. *Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339].)

Keeping those principles in mind, and casting aside the political rhetoric with which appellant's pleading is filled, we now examine the complaint.

### FACTS

Appellant's complaint consists of an attempt to state six causes of action, several of which have novel titles: "Violation of Statutorily-Created Right

under Vehicle Code section 40502(a); Arbitrarily Adjudicating Action and Lack of Treatment with Respect and Dignity; False Arrest/Imprisonment; Kidnapped and Held Hostage for Signature; False Bench Warrant; and Severe Emotional Distress." All of the causes of action are grounded on appellant's allegation that the municipal court lacked jurisdiction over appellant.

The complaint is based on a traffic citation appellant received. On August 4, 1995, he appeared at the Pasadena Municipal Court. He went to a clerk at the "bail window" and attempted to file a document entitled "Notice of Appearance Made as Directed by the Notice to Appear; and Demand to Appear Before a Magistrate in Lieu of Making a Deposit of Bail. (V.C. section 40502 subd. (a).)"

The window clerk refused to accept the document for filing, and directed appellant to division 1, the arraignment court, which was presided over by a court commissioner. Appellant objected, stating that a commissioner was not a magistrate and that he wished to appear before a magistrate. Nevertheless, appellant appeared in division 1, and subsequently filed a peremptory challenge under Code of Civil Procedure section 170.6.

The commissioner accepted the challenge, and sent appellant to division 5, which was presided over by respondent Martin, who is also a commissioner. Appellant filed four documents with the court clerk. In addition to the one above mentioned, appellant filed points and authorities, a request for dismissal and a demurrer.

When appellant's case was called, Commissioner Martin asked appellant how he intended to plead. Appellant stated that he wished to appear before a magistrate. Commissioner Martin took that as a nonresponse, and under Penal Code section 1024 entered a plea of not guilty on appellant's behalf.[1] Commissioner Martin then set the matter for a September 1, 1995, trial date, and asked appellant to sign a promise to appear. On appellant's refusal, Commissioner Martin remanded him into custody over the noon hour. In the afternoon, appellant was brought back into court and given another opportunity to sign the promise to appear. He refused, and was again remanded into custody.

Appellant was taken to Los Angeles County jail where he was released the next day after allegedly signing a promise to appear. Appellant claims that his signature was forged by the deputy sheriffs, who simply wanted to

---

[1]Penal Code section 1024 states: "If the defendant refuses to answer the accusatory pleading, by demurrer or plea, a plea of not guilty must be entered."

release him due to jail overcrowding. In total, including the time in court, appellant was in custody for approximately 36 hours.

On August 15, 1995, appellant filed a "Statement of Disqualification of Commissioner Martin" under Code of Civil Procedure section 170.3, subdivision (c)(1).[2]

On September 1, 1995, appellant's case was called for trial. Appellant failed to appear, so Commissioner Martin issued a bench warrant, which is evidently still outstanding.

Based on the above facts, appellant filed a claim for damages with Los Angeles County. When the claim was denied, appellant filed the complaint that is before us. Respondents filed a general demurrer on the basis that Commissioner Martin had total judicial immunity under the facts presented, thus no causes of action could be stated against either respondent. Respondents' demurrer was sustained on that basis, without leave to amend.[3] Appellant has made *no claim* to the trial court or to us that he should have been given leave to amend.

### DISCUSSION

#### 1. *Jurisdiction of the Municipal Court\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

#### 2. *Definition of "Magistrate"*

■ Appellant contends that under Vehicle Code section 40502, subdivision (a), he was entitled to make his first appearance before a magistrate, and his demand was improperly denied.[7] He reasons that the denial of that demand deprived the municipal court of jurisdiction over him, and that all subsequent acts (i.e., the entry of a plea, setting the matter for trial, demanding that he sign a promise to appear, remanding him into custody, and

---

[2]The record does not disclose what happened to appellant's challenge. However, we note the document before us is woefully deficient as a challenge. We have been presented with a one-page notice that is obviously incomplete and unsigned, with no statement of reasons as to the basis of why Commissioner Martin should be excused or why he should recuse himself.

[3]As will be later discussed, appellant claimed in his complaint that Vehicle Code section 40513 was unconstitutional, in that it potentially interfered with his right to appear before a magistrate under Vehicle Code section 40502, subdivision (a). Respondents moved to strike on the basis that appellant did not have standing to challenge the constitutionality of that statute. The trial court denied the motion to strike.

*See footnote, *ante*, page 300.

[7]Vehicle Code section 40502 provides, in pertinent part: "The place specified in the notice to appear shall be any of the following: [¶] "(a) Before a magistrate within the county in

issuing a bench warrant) were done without jurisdiction and were thus illegal.

The first order of business, therefore, is to determine whether a commissioner can ever act as a magistrate. We begin with an overview of the status of a court commissioner.

A court commissioner is a type of judicial officer authorized by the California Constitution (Cal. Const., art. VI, § 22) and the Legislature. (Gov. Code, § 72190; Code Civ. Proc., § 259.) As stated in those sections, the purpose of having commissioners is to assist an overburdened judiciary with the performance of "subordinate judicial duties." The adjudication of a traffic infraction has been held to be such a "subordinate judicial duty." (*In re Kathy P.* (1979) 25 Cal.3d 91, 99 [157 Cal.Rptr. 874, 599 P.2d 65].)

Government Code section 72190 provides, in pertinent part: "Within the jurisdiction of the court and under the direction of the judges, commissioners of municipal courts or justice courts shall exercise all the powers and perform all of the duties authorized by law to be performed by commissioners of superior courts and such additional powers and duties as may be prescribed by law. *At the direction of the judges, commissioners may have the same jurisdiction and exercise the same powers and duties as the judges of the court with respect to any infraction* or small claims action." (Italics added.) It therefore appears that under section 72190 alone, if given the task by the presiding judge, Commissioner Martin had the same power over appellant's traffic infraction as would a sitting municipal court judge. However, there is additional authority to show that Commissioner Martin could validly act as a magistrate.

Under Penal Code section 808, all judges of the Supreme Court, Courts of Appeal, superior courts, municipal courts and justice courts are automatically deemed to be "magistrates." By its wording, Penal Code section 808 does not make that an exclusive list. It does not say that other judicial officers cannot be magistrates.

Penal Code section 807 defines a magistrate as "an officer having power to issue a warrant for the arrest of a person charged with a public offense." Government Code sections 72190.1 and 72190.2 specifically provide that, if assigned the task by the presiding judge, a commissioner may conduct

---

which the offense charged is alleged to have been committed *and who has jurisdiction of the offense . . . .*" (Italics added.)

arraignments and may issue and sign bench warrants.[8] Thus, under those sections, if, on the initial date of appellant's court appearance, Commissioner Martin had the general power to conduct traffic infraction arraignments and to issue bench warrants, Commissioner Martin qualified as a magistrate.

Appellant makes no claim that the presiding judge did not properly designate Commissioner Martin with the authority to arraign traffic infractions, preside over trials involving traffic infractions, or issue bench warrants. It is presumed that official duties have been validly performed (Evid. Code, § 664) and that a court has acted within its jurisdiction (Evid. Code, § 666). It is therefore appellant's burden to overcome such presumptions and he has not done so. (*Roelfsema* v. *Department of Motor Vehicles* (1995) 41 Cal.App.4th 871, 879-880 [48 Cal.Rptr.2d 817]; *Moreno Mut. Irr. Co.* v. *Beaumont Irr. Dist.* (1949) 94 Cal.App.2d 766, 780 [211 P.2d 928].) Since all intendments and presumptions are indulged to uphold the correctness of a trial court's ruling (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]), we assume that the presiding judge validly authorized Commissioner Martin to act as a magistrate and trial judge on traffic infractions on August 4, 1995, and all relevant dates thereafter.

Inasmuch as we have determined that Commissioner Martin was a magistrate within the meaning of Vehicle Code section 40502, subdivision (a), all of appellant's causes of action against Commissioner Martin must fail. Since the liability of Los Angeles County was vicarious only, the demurrer was likewise properly sustained as to that respondent.

Our decision makes unnecessary any discussion relative to the constitutionality of Vehicle Code section 40513. (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65 [195 P.2d 1].)

### 3. *Judicial Immunity*

■ Even if we held that Commissioner Martin did not have the power to act as a magistrate, appellant would fare no better. The reason is that he has

---

[8]Government Code section 72190.1 provides: "A commissioner of a municipal court or a justice court may conduct arraignment proceedings in the court if directed to perform those duties by the presiding or sole judge of the court, including the issuance and signing of bench warrants."

Government Code section 72190.2 states: "If directed to perform such duties by the presiding judge or sole judge of the court, a commissioner of the municipal court or the justice court may issue and sign a bench warrant for the arrest of a defendant who fails to appear in court when required to appear by law or who fails to perform any act required by court order."

not stated facts sufficient to avoid the application of the rule that a bench officer is immune from acts committed in the performance of his or her judicial duties.

Appellant has cited a string of cases, headed by *Mireles* v. *Waco* (1991) 502 U.S. 9 [112 S.Ct. 286, 116 L.Ed.2d 9] and *Stump* v. *Sparkman* (1978) 435 U.S. 349 [98 S.Ct. 1099, 55 L.Ed.2d 331], for the proposition that a judicial officer is not immune for acts, although judicial in nature, that are done in the complete absence of jurisdiction. (*Mireles, supra*, at p. 12 [112 S.Ct. at p. 288]; *Stump, supra*, at p. 356 [98 S.Ct. at pp. 1104-1105].) We have no quarrel with that proposition. The problem for appellant is that, even though he argues mightily to the contrary, he cannot show that the acts of Commissioner Martin were done "in the complete absence of jurisdiction" as required by those cases. Even in *Mireles* and *Stump*, the United States Supreme Court held that the respective trial judges were immune from the consequences of their acts.

We first note that a court commissioner is a government employee and is thus covered by the general grant of judicial immunity. (Gov. Code, § 821.6; *Tagliavia* v. *County of Los Angeles* (1980) 112 Cal.App.3d 759, 763 [169 Cal.Rptr. 467].)

Next, the cases point out that the threshold determination as to whether the alleged wrongful acts come within or without the umbrella of judicial immunity is a question of law. *Mireles, Stump* and *Tagliavia* were all decided either by demurrer or a motion for dismissal prior to trial.

In *Mireles*, the trial judge was angered that the public defender (Waco) failed to appear for the morning calendar. The trial judge ordered the bailiffs to bodily remove Waco from another court and drag him, if necessary, to the trial judge. The district court held the acts were within judicial immunity. The circuit court of appeals disagreed, and the matter found its way to the United States Supreme Court, which reversed the circuit court of appeals. In finding that the trial judge was immune under the facts presented, the Supreme Court stated that the act of compelling an attorney's presence is a function normally performed by a judge; and even if the trial judge authorized or ratified the bailiffs to use excessive force to bring the attorney to his courtroom, such excess of authority was not done in the absence of jurisdiction.

*Stump* involved a situation where the mother of then 15-year-old Linda (Spitler) Sparkman petitioned the court to have a tubal ligation performed on Linda. The purported reason was that Linda was both promiscuous and

slightly mentally retarded, and the sterilization technique was needed to protect Linda, who was never advised of the court proceedings. On the guise that she needed an appendectomy, Linda was admitted to the hospital where the tubal ligation was performed. Two years later, after she was married, she found out what really occurred, and sued the judge (Stump). In dismissing the complaint, the district court found that even though Judge Stump's approval of the medical procedure might have been erroneous, he had jurisdiction to hear and rule on the mother's petition. The circuit court of appeals reversed, and the case went to the United States Supreme Court, which sided with the circuit court. The Supreme Court stated that even if Judge Stump's acts violated Linda's rights to fundamental due process, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." (*Stump* v. *Sparkman*, *supra*, 435 U.S. at p. 359 [98 S.Ct. at p. 1106].)

The acts of the judges in *Mireles* and *Stump* were far more grievous than anything done by Commissioner Martin, and yet the Supreme Court ruled that such acts were protected by judicial immunity. In the present case, Commissioner Martin was assigned as a bench officer to handle traffic infractions. Even if he did not have authority to act as a magistrate (and we have held that he did) and even if he was wrong in denying or not ruling on appellant's motions, Commissioner Martin was acting in the normal capacity of a commissioner. He was taking arraignments for traffic infractions, setting bail (or obtaining a promise to appear) and setting matters for trial. His actions as applied to appellant were routine and predictable. When appellant refused to enter a plea and refused to promise to attend a trial, Commissioner Martin had no choice but to remand appellant. If he did not, everyone in court would have been tempted to follow appellant's example.

Evidently having nothing better to do with his day than go to jail, appellant chose to play hardball. For his efforts, he wound up in custody, and, except for prisoner overpopulation, would have spent substantial time there. That was his choice. He could have avoided all of that by simply entering a plea of not guilty, which is what he would have been faced with doing even if he had obtained his wish and initially appeared before a municipal court judge.

### 4.  *Appellant's Other Contentions**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

*See footnote, *ante*, page 300.

## DISPOSITION

The order of dismissal is affirmed. Respondents are awarded costs on appeal.

Boren, P. J., and Fukuto, J., concurred.

A petition for a rehearing was denied July 29, 1997, and appellant's petition for review by the Supreme Court was denied September 24, 1997. Mosk, J., was of the opinion that the petition should be granted.