Filed 9/18/15  Cromer v. Barton CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ROBERT SCOTT CROMER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>STEVEN R. BARTON et al.,<br><br>        Defendants and Respondents. | A143053, A143443<br><br>(Contra Costa County<br>Super. Ct. No. MSC13-01912) |

Plaintiff Robert Cromer appeals from a judgment of dismissal entered after the trial court sustained without leave to amend a demurrer filed by defendants Steven Barton and the Clayton Club Saloon, LLC (collectively, Clayton Club defendants).[1]  Cromer contends that, contrary to the court's ruling, his complaint states causes of action for negligence and for a violation of Business and Professions Code section 25602.1[2] (sale of alcoholic beverages to intoxicated minors causing injury or death).  Alternatively, he argues new facts identified in his motion for reconsideration of the court's order sustaining the demurrer would allow him to overcome any pleading defects.  We affirm as to the statutory cause of action and reverse as to the negligence cause of action.

---

[1] Cromer filed two appeals, one before the trial court ruled on his motion for reconsideration of the order sustaining the demurrer and one after the court did so.  We ordered the appeals consolidated.

[2] All statutory references are to the Business and Professions Code unless otherwise indicated.

1

I.
FACTUAL AND PROCEDURAL
BACKGROUND

We begin by summarizing the facts as alleged by Cromer. Under the applicable standard for reviewing a dismissal after a demurrer is sustained, we accept as true "all facts . . . properly pleaded by [the] appellant" and "all facts which may logically be inferred from the facts alleged in the complaint." (*Branson v. Martin* (1997) 56 Cal.App.4th 300, 302.)

One evening in November 2012, Cromer went to the Clayton Club, a bar in Clayton owned by the Clayton Club defendants. Around 11:00 p.m., Michael Moore arrived with several other people, including brothers Christopher and Nicholas Quadrato.[3] Christopher was admitted into the bar and was served alcohol while he was underage. Moore was 22 years old.

Around 12:20 a.m., Christopher got into a physical fight inside the bar with Eric Weindel. Mistakenly believing that Cromer was involved in the fight because of his association with Weindel and was going to hurt Christopher, Moore approached Cromer from behind and hit him on the head with a beer bottle. The impact knocked Cromer to the ground and caused bleeding, nervous system damage, and other serious bodily injuries. Moore exited the bar and was later apprehended and charged with various felonies for assaulting Cromer.

In September 2013, Cromer filed this suit, alleging causes of action against the Clayton Club defendants for (1) "Violation of Business and Professions Code § 25602.1" and (2) negligent "Fail[ure] to Protect [Cromer] From Intoxicated and Dangerous Patron on Premises."[4] (Boldface omitted.) The Clayton Club defendants demurred to the first amended complaint (the operative version) on the grounds that it failed to state a cause of

---

[3] To avoid confusion, we will refer to the Quadratos by their first names.

[4] Cromer also asserted a third cause of action against Moore for battery. Moore filed a motion for a good faith settlement determination, which Cromer joined and the Clayton Club defendants opposed. The trial court granted the motion and dismissed the cause of action against Moore.

action for a violation of section 25602.1 or for negligence. The trial court sustained the demurrer without leave to amend. As to the statutory cause of action, the court determined that Cromer failed to sufficiently allege proximate cause. As to the negligence cause of action, the court determined that Cromer failed to sufficiently allege that his injury was foreseeable.

Cromer filed a motion for reconsideration of the order sustaining the demurrer. In support of his motion, Cromer submitted declarations from himself and Moore containing facts not included in the complaint. In his declaration, Cromer stated that on the night of the incident he specifically warned a Clayton Club employee to "keep an eye" on Christopher because Christopher was "falling all over the place." In the other declaration, Moore described a situation earlier in the night, prior to his assault on Cromer, in which Christopher accidentally ran into Cromer near the bar's pool table, and Christopher and Nicholas got into a dispute with Cromer and Weindel. As the situation "calmed down" and the men separated, Moore told Cromer and Weindel, "It's my friend's 21st birthday so give him a break." Moore's declaration also stated that there was an unrelated fight at the Clayton Club the same evening, and no employees did anything to break up the fight.

The trial court determined that, even if the complaint were amended to allege these facts, they would not establish causation and foreseeability, and it denied the motion for reconsideration. A judgment in the Clayton Club defendants' favor was subsequently entered.

II.
DISCUSSION

A.    *Standard of Review.*

In an appeal from a judgment entered after a demurrer is sustained without leave to amend, we first review the complaint de novo to determine "whether [it] states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law.' " (*Ibid.*) "Further, we give the

complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Ibid.*)

We then review the trial court's refusal to grant leave to amend for an abuse of discretion. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.) In applying this standard, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Ibid.*) The plaintiff has the burden of establishing such a reasonable possibility. (*Ibid.*) Finally, we review the trial court's ruling denying reconsideration for an abuse of discretion. (*Ibid.*)

### B. The Trial Court Properly Sustained Without Leave to Amend the Demurrer to the Statutory Cause of Action.

Cromer argues that the trial court erred in sustaining without leave to amend the Clayton Club defendants' demurrer to the cause of action under section 25602.1. He contends that, contrary to the court's ruling, he sufficiently alleged proximate cause because he alleged the Clayton Club defendants' actions were a "substantial factor" in causing his injuries. We are not persuaded.

Section 25602, subdivision (b) provides: "No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage . . . shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage." Section 25602 was enacted to grant immunity to dram shops and to overturn previous decisions making them liable for injuries resulting from their patrons' intoxication. (*Salem v. Superior Court* (1989) 211 Cal.App.3d 595, 599-600 (*Salem*); see also § 25602, subd. (c) [providing that "the consumption of alcoholic beverages rather than the serving of alcoholic beverages [is] the proximate cause of injuries inflicted upon another by an intoxicated person"]; Civ. Code, § 1714, subd. (b).)

Section 25602.1 creates an exception to the general dram-shop immunity provided by section 25602. (*Salem*, *supra*, 211 Cal.App.3d at p. 600.) Section 25602.1 provides: "Notwithstanding subdivision (b) of section 25602, a cause of action may be brought by

or on behalf of any person who has suffered injury or death against any person licensed . . . to sell alcoholic beverages . . . who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage, to any obviously intoxicated minor where the furnishing . . . of that beverage to the minor is the proximate cause of the personal injury or death sustained by that person." (§ 25602.1.) The exception is to "be construed strictly, so as to require that the negligence resulting in liability of the alcohol purveyor be that of the very person who purchased the beverage." (*Salem*, at p. 600; see also *Ruiz v. Safeway, Inc.* (2012) 209 Cal.App.4th 1455, 1462 [grocery store could not be held liable under section 25602.1 because minor to whom it sold alcohol not the person who caused injury at issue].)

Cromer argues that the Clayton Club defendants are liable under section 25602.1 because they served alcohol to Christopher while he was a minor, which was a "substantial factor" in bringing about Cromer's injuries. Cromer reasons that if Christopher had not been served alcohol and become intoxicated, he would not have provoked a fight with Weindel, and Moore's subsequent assault on Cromer would not have occurred. We cannot agree. Although the complaint alleges that the Clayton Club defendants furnished alcohol to Christopher while he was a minor, it was not Christopher who inflicted Cromer's injuries.

*Salem*, *supra*, 211 Cal.App.3d 595 is illustrative. In that case, a convenience store sold alcohol to a minor who subsequently gave the alcohol to his friend, who was also a minor. (*Id.* at p. 597.) The friend then drove while intoxicated and caused an accident, resulting in the death of another individual. (*Ibid.*) The Court of Appeal held that the convenience store could not be held liable under section 25602.1 for the individual's death because the minor to whom the store sold alcohol was not the driver who caused the death. (*Id.* at p. 603.) The *Salem* court reasoned that the use of the word "proximate" in section 25602.1 was "intended to restrict, rather than to expand, potential application of this one exception to liability." (*Ibid.*) Applying this interpretation to the facts of the case, the *Salem* court determined that the chain of causation between the act of furnishing

alcohol to a minor and the fatal car crash was too remote to constitute proximate cause. (*Ibid.*)

Similarly, the Clayton Club defendants' action of giving alcohol to a minor, Christopher, was not the proximate cause of Cromer's injuries. (See *Salem*, *supra*, 211 Cal.App.3d at p. 603.) It was Moore—not Christopher—who hit Cromer with a beer bottle. Construing "proximate" as *Salem* did, we conclude Cromer's injuries from Moore's assault were not the " 'natural and probable consequence' " of the Clayton Club defendants' act of serving alcohol to Christopher. (*Ibid.*) Indeed, there is an even stronger basis here for concluding that the furnishing of alcohol to a minor was not the proximate cause of the plaintiff's injuries, since it was not alleged that Christopher provided Moore with the alcohol that caused Moore's intoxication and prompted the assault. We agree with the trial court that Cromer failed to sufficiently allege proximate cause and the section 25602.1 exception was therefore inapplicable to the Clayton Club defendants.

In addition, the trial court did not abuse its discretion by not granting leave to amend. Cromer contends the court erred by ruling that there was no reasonable possibility that he could amend the complaint to state a viable cause of action, but he fails to explain how. Because he has not provided any "reasoned argument or citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Nor did the trial court abuse its discretion by denying reconsideration of the ruling as to the statutory cause of action because Cromer presented no new facts curing the proximate-cause issue. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.) Although Moore stated in his declaration that he would have likely left the Clayton Club, thus avoiding the assault, if Christopher had been denied admission because he was a minor, nothing in the declaration suggests that Moore would have left the bar if Christopher had not been served alcohol, which might have provided a stronger basis for proximate cause under section 25602.1. (See § 25602.1 [establishing liability based on act of furnishing alcohol to intoxicated minor, not based on admission of minor into bar].)

## C. The Trial Court Erred in Sustaining Without Leave to Amend the Demurrer to the Negligence Cause of Action.

Cromer also argues that the trial court erred in sustaining without leave to amend the demurrer to the negligence cause of action because the complaint sufficiently alleged a premises-liability claim against the Clayton Club defendants. He claims that despite the complaint's allegation that Moore's attack was "unprovoked," the attack was not unforeseeable as a matter of law because the Clayton Club defendants (1) knew or should have known that Moore posed a danger to other patrons while intoxicated, (2) tolerated disorderly conditions and did not provide adequate staffing, and (3) failed to intervene in the fight between Weindel and Christopher or supervise patrons as the fight escalated and Moore approached Cromer. Although we disagree that the Clayton Club defendants should have known that Moore in particular posed a danger, we conclude that Cromer sufficiently alleged foreseeability on other grounds.[5]

The elements of a negligence cause of action based on premises liability are (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that legal duty, and (3) the breach was the proximate or legal cause of the plaintiff's injuries. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205; *Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998.) Concerning the first element, bar proprietors have been recognized to have a "special relationship" with their patrons (*Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 235 (*Delgado*)), and "the proprietor of a place where intoxicating liquors are dispensed owes a duty of exercising reasonable care to protect his patrons from injury at the hands of fellow guests." (*Saatzer v. Smith* (1981) 122 Cal.App.3d 512, 518.) The existence of bar proprietors' duty based on their special relationship with their patrons to protect them from injury is established if one or more of the following circumstances exists: " ' "(1) A tavern keeper allowed a person on the premises who has a known propensity for fighting; (2) the tavern keeper allowed a person

---

[5] As we agree with Cromer that the trial court erred in sustaining the demurrer to the negligence cause of action, we need not reach his claims that the court should have granted leave to amend and improperly denied his motion for reconsideration as to the negligence cause of action.

to remain on the premises whose conduct had become obstreperous and aggressive to such a degree the tavern keeper knew or ought to have known he endangered others; (3) the tavern keeper had been warned of danger from an obstreperous patron and failed to take suitable measures for the protection of others; (4) the tavern keeper failed to stop a fight as soon as possible after it started; (5) the tavern keeper failed to provide a staff adequate to police the premises; and (6) the tavern keeper tolerated disorderly conditions [citations]." ' " (*Delgado*, at p. 241.)

Foreseeability is a " 'crucial factor' in determining the existence and scope of a legal duty." (*Delgado*, *supra*, 36 Cal.4th at p. 237.) " '[T]he scope of the duty is determined in part by balancing the foreseeability of the harm against the burden of the duty to be imposed.' " (*Ibid.*) Thus, a showing of heightened foreseeability will support a more burdensome duty, like the hiring of security guards. (*Id.* at p. 240.) Even in the absence of heightened foreseeability, however, a bar proprietor "still owes a duty of due care to a patron or invitee by virtue of the special relationship," which includes "a duty to warn patrons of known dangers" and "a duty to take other reasonable and appropriate measures to protect patrons or invitees from imminent or 'ongoing' criminal conduct." (*Id.* at p. 241.)

Here, accepting all facts properly pleaded as true, we conclude Cromer sufficiently alleged at least two circumstances that establish that the Clayton Club defendants had a special-relationship-based duty to protect patrons from injury by a third party under *Delgado*, *supra*, 36 Cal.4th 224. Cromer alleged that there was "grossly inadequate supervision at the bar" and that the Clayton Club defendants failed to intervene as the fight between Christopher and Weindel "dragged on" and failed to restrain Moore after he hit Cromer. Cromer also alleged there were 12 prior incidents that year of fighting or disturbing the peace at the Clayton Club that prompted a police response. Taken together, these facts create a duty based on the *Delgado* circumstances of "fail[ure] to stop a fight as soon as possible after it started" and "tolerat[ion] of disorderly conditions." (*Id.* at p. 241.)

8

The issue of foreseeability, which the trial court relied on to sustain the demurrer, then becomes relevant in determining the scope of the Clayton Club defendants' duty. (*Delgado*, *supra*, 36 Cal.4th at p. 237.) Heightened foreseeability may be established by "prior similar incidents or other indications of a reasonably foreseeable risk of violent criminal assaults in that location." (*Id.* at p. 240.) Although heightened foreseeability "does not require a showing of prior *nearly identical* criminal incidents," the existence of *some* criminal activity or prior dissimilar crimes is insufficient to establish heightened foreseeability. (*Id.* at pp. 239, 245, italics in original.) In *Claxton v. Atlantic Richfield Co.* (2003) 108 Cal.App.4th 327, heightened foreseeability of a racially motivated, violent robbery at a gas station was established by prior violent gang-related robberies at the same gas station, even though the prior robberies were not racially motivated. (*Id.* at p. 339.) On the other hand, in *Sharon P. v. Arman, Ltd.* (1999) 21 Cal.4th 1181, prior bank robberies on the ground floor of a building were not sufficiently similar to a sexual assault in the parking garage of the same building to establish a high degree of foreseeability. (*Id.* at p. 1191, disapproved on other grounds in *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853, fn. 19.)

Here, as the plaintiff did in *Claxton v. Atlantic Richfield Co.*, *supra*, 108 Cal.App.4th 327, Cromer sufficiently alleged heightened foreseeability by alleging prior "similar incidents." These incidents included the fight between Christopher and Weindel and 12 other incidents of fighting or disturbing the peace at the Clayton Club. Although the fight between Christopher and Weindel was not identical to Moore's attack with a beer bottle, the incidents were sufficiently similar because they all involved intoxicated Clayton Club patrons and assaultive conduct at the bar that indicated further criminal activity might develop.

As a result of this heightened foreseeability, the Clayton Club defendants had a more burdensome duty that included the duty to take reasonable steps to stop the fight between Christopher and Weindel to protect patrons like Cromer from injury. (See *Delgado*, *supra*, 36 Cal.4th at pp. 237, 246.) As the fight between Christopher and Weindel "dragged on," the possibility of another assault, particularly one involving

9

friends of Christopher or Weindel, became more foreseeable. Accordingly, the complaint's allegations establish that the Clayton Club defendants had a duty to address the fight between Christopher and Weindel and to protect patrons from further violent conduct. Therefore, the basis for the trial court's ruling was incorrect.

The complaint also sufficiently alleges the other elements of a negligence cause of action based on premises liability. In addition to the existence of a duty, such a cause of action requires a breach of duty and injuries or damages proximately caused by the breach. (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.App.4th at p. 1205.) These elements are satisfied by the allegations that if the Clayton Club defendants had prevented the fight between Christopher and Weindel from "drag[ging] on," Moore's assault on Cromer would have been prevented. The demurrer to the negligence cause of action should not have been sustained.[6]

### III.
### DISPOSITION

The judgment is affirmed as to the cause of action for violation of section 25602.1. The judgment is reversed as to the negligence cause of action. The parties shall bear their own costs on appeal.

---

[6] We emphasize that in reaching this conclusion, we have accepted all properly pleaded facts as true, and our ruling has little bearing on whether the negligence cause of action will survive a motion for summary judgment.

10

_____
Humes, P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.


*Cromer v. Barton* (A143043, A143443)

11